MATHEW BROOME, Appellant, vs. GALENA, D., D. & MINN. PACKET COMPANY, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The affidavit for an order of publication of summons in this case states "that the Defendants are a corporation or company established and doing business under and by virtue of the laws of the State of Illinois." *Held*, That such affidavit sufficiently shows that the Defendants are a foreign corporation.

Foreign corporations have their legal existence only within the territorial limits of the State that creates them, and an affidavit showing that a Defendant is a foreign corporation, is a sufficient showing of the fact that it cannot be found within this State.

Foreign corporations are subject to the jurisdiction of the courts of this State, and may be served with summons by the publication thereof, as provided in *sec.* 54, *chap.* 60, *of Compiled Statutes.*

In case of proceedings against a person as garnishee, under the law of 1860, when the Defendant in the original action cannot be found within the State, he may be notified of such proceedings by a publication of the notice.

### Points and authorities of Appellant.

I.—It distinctly appears that the Defendant is a foreign corporation, established by the laws of Illinois.

II.—It also distinctly appears that said foreign corporation has property within this State.

III.—From these premises it necessarily follows that the Court has jurisdiction of the Defendant to the extent of its property within the State; and that the summons could only have been served by publication. *sec.* 37, *p.* 629 *Comp. Stat.*

IV.—The Court below having the right of jurisdiction over the Defendant, how was it to bring this Defendant into court? By serving the Defendant with summons clearly. But how is a summons to be served on a foreign corporation? The (54) *sec.* 50 expressly and specifically provides that such service *shall be,* (as it is believed,) or at all events, *may be* by publication. *Angell & Ames on Corporations, p.* 395, *sec.* 11, *et seq.*

V—If the Court erred in setting aside the publication of the summons, he of course erred in vacating the attachment and garnishee proceedings, for the action of the Court in the latter matters was but a corollary on his action in the former, and was in fact based on the same grounds. *Compiled Statutes, p.* 550, *sec.* 136.

The same reasoning will apply to the garnishee proceedings.

The garnishee summons and notices were all duly served and all the proceedings duly taken, pursuant to the statute. *See rec-*

*ord and garnishee statute, Sess. Laws, 1860, p. 245, especially sections 3 and 10.*

VI.—Finally: It is insisted by Appellant's counsel that any appearance in court by a Defendant *waives* the *service* of the summons. The only effect of the *service* of a summons is to bring the party before court in that case.

Points and authorities for Respondent.

I. The special appearance of the Defendants for the purpose of making motions to vacate and set aside the order of publication and order allowing warrant of attachment, was not such an appearance as would confer jurisdiction of the Defendants in the court below. *Minn. Sts., p. 628, sec. 26; 6 How. Pr. R.,* 439, *and cases cited; 9 Ib.,* 445; *Laws of* 1862, 95; *5 Minn.,* 372.

It is manifest from the whole record in this case that this was not such a *voluntary* appearance as is contemplated by statute.

II. It cannot be gathered from the affidavits for publication and attachment that the Defendants are sued as a foreign corporation. They are charged as being a "corporation," a "company," and an "organization." *1 Minn.,* 82; *3 Minn.,* 29; *13 How. Pr. R.,* 516.

III. Neither the complaint nor the affidavits contain an allegation that the Defendant is a foreign corporation. A Plaintiff suing a foreign corporation must set forth the facts showing its organization and existence. The statute only changes the common law rule, in cases of suits brought by a foreign corporation. *4 Minn.,* 511, *also pp.* 509–10 *of same case.*

As to the sufficiency of the manner in which a corporation is alleged in an affidavit, see *14 Barb.,* 184.

IV. The statutes of this State make no provision by which any court can acquire jurisdiction of a foreign corporation unless it makes a voluntary appearance in the action. *13 Peters,* 588; *16 Johnson,* 5; *4 How. Pr. R.,* 275; *1 Blatchford's C. C. R.,* 628–634.

In some of the States special laws have been enacted in order to enable the creditors of foreign corporations to reach the prop-

erty of their debtors within the State. But it will be seen that these were all in the nature of special proceedings against the property, and to the extent of the property only. 2 *R. S. of N. Y.*, *p.* 699, *sec.* 13; *sec.* 427 *of Code.* (*How. N. Y. Code, p.* 640); 10 *How. Pr. R.*, 1; 4 *Id.*, 275; 5 *Id.*, 183.

An examination of these authorities will show the nature of the proceedings taken to obtain jurisdiction of a foreign corporation (or of its property within the State, for the statute goes to this extent only) in the State of New York. And while our statute would seem to contemplate such proceedings, a careful examination will show that in fact no action is authorized. *Minn. Sts., p.* 629, *secs.* 36, 37, 38; *Id., p.* 605, *ch.* 66; of this act *secs.* 1, 4, 6, 7, relate only to domestic corporations, and *secs.* 2, 3, relate to foreign corporations prosecuting in this State.

See *Becht vs. Harris, et als.,* 4 *Minn.,* 504. *Sec.* 5 cannot relate to foreign corporations, because it would be inconsistent with *sec.* 37, *p.* 629 *Stat.;* see also *Stat., p.* 538, *sec.* 50, (54); *Id., p.* 550, *sec.* 136, (144).

V. The garnishee act of 1860, under which the garnishee proceedings in this case were taken, did not authorize the service of notice of service of the summons by publication.

LORENZO ALLIS, Counsel for Appellant.

VAN ETTEN & OFFICER, Counsel for Respondents.

*By the Court*—WILSON, J.—This action was commenced in the District Court of Ramsey County against the Defendant, alleged to be a foreign corporation.

The summons was served by publication thereof, pursuant to an order made to that effect by the Judge of said court.

The Defendant appeared specially, and moved to set aside the order of publication. The motion was granted, and Plaintiff appealed to this court.

The counsel for the Defendant insisted in his argument in this court that said motion was properly granted because

1. The affidavit for publication of summons does not show that the Defendants are a foreign corporation.

2. Neither the complaint nor said affidavit shows that the Defendants are a foreign corporation.

3. The statutes of this State make no provision by which the courts can acquire jurisdiction of a foreign corporation unless it appears voluntarily in the action.

This last ground is the one principally relied upon.

The sufficiency of the complaint as a *pleading*, is not here a question, and as it does not appear to be one of the papers on which the Plaintiff moved for the order of publication, we very properly dismiss it from our notice in the further examination of this case.

The only question brought up by appeal is whether the affidavit in which the Plaintiff moved for the order of publication was sufficient to justify the granting of that order.

The allegation that " the Defendant is a corporation or company established and doing business under and by virtue of the laws of the State of Illinois," we think a sufficient affirmation of the corporate character of the Defendant.

The words " corporation" and " company," as here used, are synonymous.

The language " company established and doing business under and by virtue of the laws of the State," &c., according to its ordinary acceptation, imports a body corporate rather than a mere co-partnership.

The third objection interposed by the Defendants is clearly untenable.

The language of our statute is, that " actions may be commenced against corporations in the same manner as other civil actions." *Comp. Sts.*, *p.* 605, *sec.* 5. This refers to foreign as well as domestic corporations, as appears by the language of the chapter from which we quote.

It is urged that this section cannot relate to foreign corporations because it would be inconsistent with *sec.* 37, *p.* 629, *of the Sts.*, which reads as follows:

"No corporation is subject to the jurisdiction of a court of this territory, unless it appears in this court or have been created by or under the laws of this territory, or have an agency established therein for the transaction of some portion of its business or have property therein; and in the last case only to the extent of such property at the time the jurisdiction attached."

This confirms rather than conflicts with the views above expressed. While this section does not *in words* declare that a foreign corporation shall be subject to the jurisdiction of the courts of this State when it has property therein, yet that follows from the language used by the clearest implication.

*Ch.* 60 *of the Comp. Sts.*, provides (*sec.* 48) that civil actions in the district courts of this State must be commenced by the service of a summons, and (*sec.* 54) when the Defendant is a foreign corporation service may be made by the publication of a summons. The meaning of this language cannot be made more obvious by illustration or argument.

The learned judge who decided this case in the court below, argued with much plausibility and force, that the affidavit should have shown that there was no person *within the State* on whom service could legally be made.

To ascertain whether this position is tenable, we must refer to the provisions of our statute on that subject; for, by the common law, service can be made on a managing officer only *within* the jurisdiction of the sovereignty where the artificial body exists; any other mode of service than this, is by virtue of some statutory provision.

*Sec.* 54 *Compiled Statutes* provides that "when the *Defendant*, after due diligence, cannot be found within the State, and when that fact appears by affidavit, to the satisfaction of the Court or judge, and it in like manner appears that a cause of action exists against the Defendant   *   *   such Court or judge may grant an order that the service be made by publication of a summons in either of the following cases:

"1. When the Defendant is a foreign corporation."

The affidavit in this case comes up to the requirements of this section, and is, therefore, we think, sufficient.

It is not doubted but that it shows a cause of action against the Defendant; it also shows that Defendant is a foreign corporation, which is a sufficient showing of the fact that it cannot be found within the State.   Foreign corporations have their legal existence, and are located within the territorial limits of the State or government that creates them, and can in no legal sense be said to be within this State.   It is not for us here to decide whether as a matter of fact a notice to an agent of the Defendant found within the State would be a better notice than a publication of the summons.

As a matter of law that notice is best which is in most strict accordance with the requirements of the statute, and if the statute in this class of cases permits a service of the summons in two different modes—either is " good"—neither is " best."

We do not wish to be understood here as intimating that service on an agent of the Defendant found within the State would be sufficient.   That question we do not pass upon.  ·

A warrant of attachment in this case was issued and afterward set aside on motion of the Defendant by the court below, on the same grounds assigned for setting aside the order of publication.

Proceedings were also instituted by the Plaintiff against certain persons as garnishees, and property in their hands attached, and the Defendant not being found within this State, was served with notice of these proceedings by publication of the notice in accordance with the order of the judge made to that effect.   Said proceedings were also set aside on motion of the Defendant.

On this motion the Defendant urged, besides the objection above discussed, the further objection that the act of 1860 did not authorize the service of such notice by publication.

We cannot concur in this construction of that statute.   The service we think was sufficient.

In each of these cases the Plaintiff appealed to this Court.

Each of the aforementioned orders—1, setting aside the order of publication; 2, setting aside the warrant of attachment; 3, setting aside the proceedings by way of garnishment—is reversed, and the cause remanded for further proceedings.