PIONEER PRESS COMPANY v. JAMES M. HUTCHINSON and Another.[1]

January 24, 1896.

Nos. 9698—(213).

**Action for Rent—Counterclaim.**

When lessees enter into and retain possession of the rented premises under a covenant in the lease that the landlord will make improvements, which he fails to do, the lessees, when sued for the rent, may recoup the damages resulting from such breach of the covenant, or set up the resulting damages as a counterclaim. Such counterclaim arises out of the contract sued upon as the foundation of the landlord's claim, and is connected with the subject of the action. G. S. 1894, § 5237.

**Sufficiency of Answer—Damages.**

Certain allegations in the defendants' answer construed as broad enough to permit proof of damages arising from the landlord's failure to make improvements in accordance with the covenants in the lease.

Appeal by defendants from an order of the district court for Ramsey county, Brill, J., denying a motion for a new trial. Reversed.

*Frederic A. Pike* and *Charles Conradis*, for appellants.

*B. H. Schriber*, for respondent.

BUCK, J. In this action the plaintiff sues for rent alleged to be due from the defendants upon a lease running from the plaintiff to the defendants. In the complaint there is a further and separate cause of action alleged, upon an agreement contained in the lease concerning certain janitor's services. The execution of the lease

[1] Reported in 65 N. W. 938.

63 M.—31

is admitted, but the defendants set up a counterclaim for damages, alleging that the plaintiff covenanted to make certain improvements in the premises so rented, which improvements so to be made are specifically described and set forth in the complaint, and that plaintiff failed and neglected to make such improvements, whereby the premises were unsuitable for the purposes for which they were rented, and that by reason of the failure of the plaintiff to perform its said agreement and covenants, and by reason of all the facts alleged in their answer, the defendants had been damaged in the sum of $1,200. In its reply the plaintiff denied the allegations in the defendants' answer, and further alleged that the defendants accepted said premises as satisfactory to them under the terms of the lease, on or about November 1, 1889, and that ever since they have, by themselves and their tenants, remained in possession thereof under the terms of said lease.

When the cause was brought on for trial, the plaintiff moved for judgment on the pleadings for the entire amount demanded in the complaint, and thereupon the defendants asked leave to amend their answer as to the counterclaim, which application was denied by the court, and it granted the plaintiff's motion for judgment on the pleadings. Afterwards the defendants moved to vacate the order for judgment, and for a new trial, which was denied, and they appeal to this court.

The record does not disclose the ground upon which the motion for judgment was granted, nor the ground upon which the motion for a new trial was denied; but, from the argument of the respective counsel, we discover that the motion for judgment was based upon the insufficiency of the defendants' allegation of counterclaim. The answer alleges general damages, in a certain sum, by reason of the breach of the plaintiff's covenant in the lease to make certain improvements in the premises leased. But the damages are alleged to be those which necessarily accrued from the alleged cause of action. That was all that was necessary for the defendants to do. Meacham v. Cooper, 36 Minn. 227, 30 N. W. 669. General damages are those which naturally and necessarily result from the act complained of. Chamberlain v. Porter, 9 Minn. 244 (260); 1 Sutherland, Dam. § 418. The defendants, having entered into possession of the premises and occupied them, could not plead

in bar the failure of the plaintiff to make the improvements; but, when sued for the rental, they had a right to recoup the damages resulting from the plaintiff's breach of the covenant to make the improvements agreed upon, or set up the resulting damages by way of a counterclaim. Such a counterclaim arises out of the contract set forth in the complaint as the foundation of the plaintiff's claim, and is connected with the subject of the action. G. S. 1894, § 5237.

The taking and retaining possession of the demised premises is not inconsistent with the right of the defendants to recover for a breach of the covenant to make the improvements. The lease, by its terms, was to continue from January 1, 1890, to January, 1895, and the defendants had a right to assume that after they went into possession of the demised premises the improvements would be made according to the covenants in the lease; and they were not bound to surrender up their lease, to avail themselves of their right to damages for the nonperformance of the covenant. That covenant was a separate and independent matter, so far as any right of action might arise upon it, or, if an action was brought upon the lease for nonpayment of rent, it was then, as we have stated, connected with the subject of the action, and could be pleaded as a counterclaim. The defendants, by the ruling of the court below, were deprived of the right to show by evidence the amount of their damages, if any. The allegations of damages in the defendants' answer are broad enough to allow them to be proved by showing them to be the difference between the rental value of the premises without the improvements and their rental value with the improvements.

It is further contended by the respondent that no exception was taken by the appellants to the ruling of the court below. There appear to be several pages of the record where the appellants repeatedly resisted the attempt on the part of the plaintiff to have the motion for judgment granted on the pleadings, and, at the end of various statements made by the respective counsel and the trial judge, the latter remarked, referring to the case: "Well, it is not longer on the calendar. Judgment has been granted. That is the end of it, so far as this matter is concerned,"—to which the defendants duly excepted. It seemed to be about the first opportunity for them to except. They strongly opposed the motions and proceedings upon the part of the plaintiff, and that they were resisting

them at every point is quite apparent; and, under the circumstances as disclosed by the record, we think the exception sufficient to raise any question involved.

The order denying the defendants' motion for a new trial is therefore reversed.