THOMAS J. McCARVEL v. PHENIX INSURANCE COMPANY OF BROOKLYN.[1]

February 7, 1896.

Nos. 9799—(313).

### Insurance—Proof of Loss—Waiver—Extension of Time.

A fire insurance policy provided that, within 60 days after a loss, the insured should furnish to the insurer proof of loss, containing certain matters and particulars of and concerning the loss and the origin of the fire, and, if required, should furnish the insurer certain other matters, and a certain official certificate of and concerning the same. The insured furnished an insufficient proof of loss, which was retained by the insurer, who (when the insured would have but two or three days left in which to furnish a sufficient one) objected to the proof so furnished, and demanded, as necessary to obviate the objections, that the insured furnish the particulars which, by the policy, he was unconditionally required to furnish, and also said matters and certificate which he was not required to furnish unless demanded, and which were then for the first time demanded. *Held*, by mixing up, indiscriminately, in its objection and demand, the things which he was unconditionally required to furnish, and those which he was not required to furnish unless demanded, and by failing to warn him that he had less time in which to furnish the former than the latter, or that a failure to furnish the former within the 60 days would result in a forfeiture, the insurer waived the 60-day limit, and extended the time to furnish the former to a reasonable time in which to comply with all the demands together.

### Action on Policy—Submission of Immaterial Issue—Waiver of Other Issues.

The policy contained a large number of conditions. In an action by the insured against the insurer to recover the loss, the plaintiff claimed that he had fully complied with all of these conditions except one, and, as to that one, that defendant had, by a certain act, waived full compliance with

[1] Reported in 66 N. W. 367.
64 M.—13

it. The issue thus raised was the only one submitted to the jury, who found for plaintiff. It was an immaterial issue, for the reason that it conclusively appeared that, by another act, defendant had waived compliance with this condition within the time limited in the policy. There was another material issue which might have been submitted to the jury. *Held*, by failing to call the trial court's attention to such issue, the defendant waived it, and if there is sufficient evidence to sustain the verdict, it will not be disturbed; that the charge of the court on the issue submitted must be viewed in the light of this waiver; and that the error committed by the court, in making the rights of the parties depend on an immaterial issue, was induced by the defendant itself.

**Verdict Sustained.**

*Held*, the verdict is sustained by the evidence.

Appeal by defendant from an order of the district court for Murray county, P. E. Brown, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $768.38. Affirmed.

*Kitchel, Cohen & Shaw*, for appellant.

*L. F. Lammers* and *Wilson Borst*, for respondent.

CANTY, J. The defendant insurance company issued a policy of fire insurance to plaintiff, insuring him against loss by fire on his stock of merchandise, contained in his store building, situated at Lime Creek, Minnesota. Defendant also issued to him another policy on his store building, which policy is not here involved. But this action was tried with another action on the latter policy. On October 2, 1894, while these policies were in force, a loss occurred, and plaintiff on that day sent the following notice of the loss to defendant at Chicago, duly dated, addressed, and signed by him: "I have been burned out,—a total loss of stock and building. Please send adjuster as soon as possible." On October 4 defendant answered, from Chicago: "We accept notice of loss under policies 1,061 and 1,058 of our Fulda, Minn., agency, communicated by your letter of the 2d. The adjustment has been referred to Mr. O. E. Greely, of Minneapolis." By the terms of the policy plaintiff was required to furnish proof of loss within 60 days after the fire. On November 20 he sent to defendant, at Chicago, as proof of loss, the following, duly verified as of that date:

"Loss under Policy 1,061 and Policy 1,058. Lime Creek, Murray Co., Minnesota. To the Phenix Insurance Company of Brooklyn,

Chicago, Ill.:  The following is an inventory of the stock destroyed, together with the store, by fire, at Lime Creek, on October 2d of this year, to the best of my knowledge, viz.:

| | |
|---|---:|
| Complete line of groceries | $ 500.00 |
| Total of boots, shoes | 580.90 |
| Hats | 75.00 |
| Caps | 40.00 |
| Gloves and mittens | 75.00 |
| Medicines | 25.00 |
| Hardware and tinware | 50.00 |
| Dry goods and notions | 1,287.00 |
| Value of building | 900.00 |
| Value of fixtures | 100.00 |
| Total | $3,632.90 |

"The half of stock insured in the Continental Insurance Co. The fire was discovered at or near 12 o'clock on the night of above date.  Can form no opinion as to its origin.

"Thos. J. McCarvel."

This proof of loss' was received by defendant at Chicago on Friday, November 23, and was sent by it to its adjuster, Greely, at Minneapolis, who received it the next day, Saturday, November 24.  On the following Monday, Greely wrote plaintiff the letter hereinafter referred to objecting to this proof of loss, which letter was not received by plaintiff at Lime Creek until November 28 or 29, leaving only two or three days before the sixty days specified in the policy for furnishing proof of loss would expire.  But the proof of loss so sent to defendant was retained by it and never returned to plaintiff.  On December 17 plaintiff made and sent to defendant a new proof of loss, which was returned to plaintiff.

The defendant offered no evidence on the trial except such as it elicited on cross-examination, but relied for its defense on the defective condition of the first proof of loss, and the failure of plaintiff to furnish any sufficient proof of loss within such 60 days. The court below left it to the jury to determine, from the evidence, whether or not the defendant had retained the proof of loss, sent it on November 20, an unreasonable length of time, without objecting to it, and charged them that, if defendant had done so, it waived the objection that the proof of loss was not sufficient, and also charged them that what was a reasonable time, under all the circumstances, was for the jury to determine.  Defendant excepted to those portions of the charge, and assigns the same as error.

It is contended by appellant that it must be held, as a question of law, that it did not retain this proof of loss an unreasonable length of time before objecting to it, and that, therefore, a new trial should be granted. We are of the opinion that, for reasons hereinafter stated, the question thus submitted to the jury was an immaterial one, and that it conclusively appears by the evidence that, by another and different act, defendant waived the 60-day limit, and extended the time for furnishing a sufficient proof of loss to the reasonable time hereinafter stated.

The policy of insurance contains the following provisions, which, for convenience, we have divided into three parts:

"(1) If fire occur, the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article, and the amount claimed thereon; (2) and within 60 days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and all others in the property, the cash value of each item thereof, and the amount of loss thereon, all incumbrances thereon, all other insurance whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession, or exposure of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof, were occupied at the time of fire; (3) and shall furnish, if required, verified plans and specifications of any building, fixtures, or machinery destroyed or damaged; and shall also, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured), living nearest the place of fire, stating that he has examined the circumstances, and believes that the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify."

It will be noticed that the second division of this part of the policy specifies what is unconditionally required to be furnished in the proof of loss. The third division specifies some additional things, which the defendant may require if it sees fit, but which plaintiff was not obliged to furnish unless so required. Now, said letter of November 26, written by the adjuster, Greely, to plaintiff,

demands, equally and without distinction, the things provided for in the second division and those provided for in the third division aforesaid. All of the letter here material is as follows:

"We beg to advise you that, in case you intend to make a claim against the Phenix Insurance Company, we must have the fullest information that we are entitled to receive under the contract, and nothing else will be satisfactory to us. The paper which you send us does not state whether or not you were insured by the Phenix Insurance Company, nor for what amount; nor whether or not, if you hold policies of this company, the insurance was in force at the time you claim the property was destroyed; nor does it state whether or not the property was unincumbered; nor does it give a copy of the descriptions and schedules of policies of any other company held by you; nor whether there has been any change of title, use, occupation, location, possession, or exposures of said property, since the issuing of the policies of insurance of the Phenix Insurance Company; nor by whom nor for what purpose the buildings were occupied at the time of the fire; [nor is there furnished a certificate of a magistrate or notary public, not interested in the claim as a creditor or otherwise, nor related to you, living nearest the place of the fire, stating that he has examined the circumstances and believes you have honestly sustained loss to the amount that said magistrate or notary public shall certify.] In fact, the paper referred to is at best but a memorized inventory, entirely lacking of detail or substantiation, and is in no sense, nor can we accept it as such, a statement of facts which are essential and necessary, and upon which we must insist, in case you propose to make a claim against the Phenix Insurance Company. Taking this paper for all it purports to be, viz. an inventory, and these aggregate sums—$500, for instance, for a line of groceries, $580 for boots and shoes, $75 for hats, $1,287 for dry goods and notions, $900 for value of building, and other items of the inventory—are not specific accounts, and we must insist upon more particular or detailed information. We presume you kept books of account and made an annual inventory of your stock; that you kept books of purchase, cash book, sales book; and that they were kept in a fireproof safe. On this presumption we apprehend you ought to have no difficulty in arriving at a cash value of the stock at the time it was burned. [We presume, also, that this building was built by you, and that you have in your possession the detailed information as to the cost of material, the different kinds used, and all the cost of the labor, from which reliable information ought to be had as to the value of the building at the time of the fire. We insist upon a certificate of a magistrate or notary public as above indicated, and a full compliance with all the conditions of the policies of the Phenix Insurance Company, which you hold, before we will consider any claim on your part.]

"Yours very truly,
"Phenix Ins. Co. of Brooklyn,
"By Otto E. Greely, Adjuster."

We have included in brackets the portions of this letter which demand things not specified in said second subdivision of the portion of the policy above quoted.

On November 26, these things were demanded for the first time. The defendant put in the same category matters as to which plaintiff was unconditionally required to furnish proofs within a very limited time, and matters as to which he was not required to furnish any proofs or certificates unless demanded, and then only within a reasonable time after such demand. Defendant, at that late hour, presented all of these matters as objections to the proofs of loss already furnished, without in any manner intimating to plaintiff that he had less time to furnish a portion of the things so demanded than he did to furnish the other portions. Undoubtedly, the proof of loss already furnished was defective; and conceding, without deciding, that, as charged by the trial court, defendant had a right to retain this defective proof, object to the particular defects in it, and demand that they be remedied, without thereby waiving those defects, it was bound to do so in an explicit manner, in a manner not calculated to mislead or confuse the plaintiff. Instead of doing this, it mixed up all of these demands. Yet it nowhere warned plaintiff that a portion of the things demanded must be furnished within the 60 days, and that the rest need not be then furnished, or that it intended to stand on its strict legal rights by forfeiting the policy unless the things so required to be furnished within the 60 days were so furnished.

All such transactions must be strictly construed against the party invoking the right of forfeiture; and, applying this rule, we are of the opinion that it was implied in defendant's demand that all of such demand could be complied with at once,—that plaintiff could defer complying with such former part of the demand until a reasonable time had elapsed for complying with the latter part of the same. As said in Davis Shoe Co. v. Kittanning Ins. Co., 138 Pa. St. 73, 90, 20 Atl. 838: "The great mass of persons who insure their property are, in the main, ignorant of insurance law, and their business is often solicited by the agents of such companies. They are not accustomed to making out such papers as proofs of loss, and when they are defective the assured should be dealt with fairly, and no advantage taken of their ignorance."

We are of the opinion that, by the form in which the defendant made its objections to the proof of loss, it waived compliance with its demands within the 60-day limit, and extended the time for compliance to a reasonable time in which to comply with all of its demands together. All of these demands were complied with on December 17, and whether or not that was a reasonable time in which to comply with them was, on the evidence, a question for the jury. Then, there was sufficient evidence to sustain a verdict for the plaintiff.

The next question to be considered is whether the appellant is in position to take advantage of the court's error in submitting the case to the jury on an immaterial issue, and not on the real issue in the case.

The court charged the jury as follows: "Of course, gentlemen, if you find that the company, within a reasonable time, called on the plaintiff to furnish additional proofs, then the plaintiff cannot recover in this case. If you find that that was not done within a reasonable time, then the plaintiff is entitled to a verdict in this case for the amount of his claim, namely, $750 in one case, and $500 in the other, with interest thereon from December 20, 1894, at the rate of 7 per cent. per annum." The appellant excepted to all of this portion of the charge by a single exception, and whether the exception is sufficient, or it is not well taken, for the reason that it covers portions of the charge of which the appellant cannot complain, we will not consider.

We are of the opinion that defendant itself induced the error committed against it by one of the propositions contained in the portion of the charge quoted above. The issue made on the trial was largely of the defendant's own choosing. The plaintiff pleaded and proved the policy, with all of its conditions, and claimed that he had complied with all of these conditions but one, and as to that one that the defendant had waived it. Plaintiff pleaded and proved all the facts, and claimed that they made for him a cause of action which should be submitted to the jury. The defendant resisted this claim on the sole ground that it had not waived his failure to furnish to it a sufficient proof of loss within the 60 days. This was presented to the court as the sole controversy in the case.

If the defendant claimed that there were other reasons why plain-

tiff should not recover, it should have called the court's attention to them by requests to charge, or in some other proper manner. Instead of doing this, it permitted the case to go to the jury on the single question of waiver of the 60-day limit by reason of a certain act, and by its conduct led the court to believe that this was the real question, and the only question, in the case. But, as before stated, we are of the opinion that it conclusively appears that the 60-day limit was waived by another certain act.

There are a score or two of conditions in the policy, on any one of which, in such a case as this, the defendant might raise a question as to its liability. But in this case it has not done so. We need not consider what the effect may be of the defendant's failure to raise such a question on the trial, when the evidence shows conclusively that the point thus raised would be fatal, and that, by reason thereof, the plaintiff is not entitled to recover. This is not such a case. The point which could be here raised would simply have made a question for the jury. If the verdict is sustained by the evidence, an appellate court will not set it aside merely because the trial court wholly omitted to charge the jury on a point to which its attention had never in any manner been called. By failure to raise the point it is waived, and the error in the charge must be viewed in the light of this waiver. For this reason, this case stands as though the defendant had no defense whatever, but predicated a defense on an immaterial issue.

This disposes of the case, and the order appealed from is affirmed.