WALTER F. GEARE and Another v. UNITED STATES LIFE INSURANCE COMPANY.[1]

| 66 | 91 |
| 75 | 382 |

October 21, 1896.

Nos. 10,213—(169).

**Life Insurance—Construction of Policy—Privileged Communication —Waiver.**

The application of the insured for a policy of life insurance (made a part of the contract of insurance), among numerous other questions and answers as to the health, habits, and history of the insured, contained the following: "Does the person expressly waive all provisions of law forbidding any

[1] Reported in 68 N. W. 731.

physician or surgeon who has attended him from disclosing any information which he thereby acquired? Ans. Yes." The policy having lapsed by reason of the nonpayment of a premium, it was subsequently reinstated upon the faith of the following certificate of the insured and the beneficiaries, but the language of which was prepared by the insurer: "In consideration of the restoration and renewal of policy No. * * *, the undersigned hereby renews, reaffirms and warrants each of the statements, answers and representations as expressed in the original application for said policy, and doth further warrant that the person whose life was desired to be insured under said policy has been and continued since the time of said original application, and now is, in good health, and of correct, sober, and temperate habits." *Held*, that the waiver in the original application applied only to the past, and did not include information thereafter acquired by a physician in attending the insured as a patient. Also that the effect of the reinstatement of the policy upon the certificate was merely to revive the original policy as it existed before the lapse, modified only by the representation as to the health and habits of the insured subsequent to the original application. Hence the waiver does not extend to information acquired by an attending physician prior to the date of the renewal certificate, but subsequent to the date of the original application.

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., denying a motion for a new trial, after a verdict in favor of plaintiffs for $3,730.91.    Affirmed.

*Flandrau, Squires & Cutcheon*, for appellant.

*W. H. Yardley*, for respondents.

MITCHELL, J.   The defendant offered to prove by the attending physician of the insured that in November, 1890, he had certain diseases. The court excluded the evidence as inadmissible under the statute. G. S. 1894, § 5662. The defendant admits that the evidence was within the statute, and was inadmissible, unless the patient had waived his privilege; and the plaintiffs admit that a patient may waive this privilege. Hence the only question is whether the insured had waived it.

The policy in suit was issued in February, 1889. The application of the insured for the policy, which was made a part of the contract of insurance, contained, among others, the following question and answer: "Does the person expressly waive all provisions of law forbidding any physician or surgeon who has attended him from disclosing any information which he thereby acquired? Answer. Yes." Clearly, this waiver would not include the offered evidence, because

it applies only to the past. On August 18, 1891, the policy lapsed and became void by reason of the nonpayment of a premium. But on October 14, 1891, the policy was by the defendant reinstated and restored upon the following certificate by the insured and the beneficiaries, which was prepared by the defendant itself, and presented to them for execution:

"In consideration of the restoration and renewal of policy No. 59363, now forfeited for nonpayment of premium when due, * * * and which restoration and renewal is hereby applied for, and by said company to be granted upon the faith hereof, * * * each of the undersigned hereby renews, reaffirms and warrants each of the statements, answers and representations as expressed in the original application for said policy, and doth further warrant that the person whose life was desired to be insured under said policy has been and continued since the time of said original application, and now is in good health, and of correct, sober, and temperate habits."

The contention of the defendant is that this certificate renews and repeats each and every statement in the original application as of the date of the renewal, so as to make them speak as of that date; while the contention of the plaintiffs is that the effect of the transaction was merely to revive and reinstate the original contract of insurance as it existed before its lapse, modified only by the representation contained in the last clause of the certificate as to the subsequent health and habits of the insured, and hence that the representations and statements (including the waiver) still continue to speak in the revived contract as of the date of the original application. We are of opinion that the construction contended for by the plaintiffs is correct, and must be adopted as most consistent with the apparent intention of the parties, which seems to have been merely to revive the lapsed contract upon its original terms, modified only by the additional representation as to the health and habits of the insured since the date of the original application.

If the contention of the defendant is correct, it follows that the language of this certificate amounts to an affirmation that all the representations and statements contained in the original application still continued to be true on October 14, 1891; as, for example, those as to occupation, residence, and age. As to the last, this would lead to an absurdity. Moreover, under any such construction of the meaning of the certificate, the last clause, relating to the continued

health and habits of the insured, would be wholly superfluous, for the questions and answers in the original application contained a most exhaustive investigation into the physical history of the insured and his relatives. The view most favorable to the defendant, of which the language of the certificate is capable, is that it is doubtful and ambiguous. But, if so, then, under a familiar rule, these doubts and ambiguities must be resolved in favor of the insured or his beneficiaries. The principle involved is much more far-reaching than the mere question of waiving a statutory privilege, for, as already suggested, if defendant's construction of the waiver is adopted, it necessarily and logically follows that it must be held that this certificate amounts to an affirmation that each and all of the statements contained in the original application still continued to be true. To allow this to be effected by such ambiguous and general language of the insurer's own choosing, referring to a document which was in its exclusive custody, would be very dangerous.

Order affirmed.