IDA M. LA PLANT v. FIREMEN'S INSURANCE COMPANY OF BALTIMORE.[1]

April 26, 1897.

Nos. 10,497—(68).

Insurance—Pleading—Waiver.

By denying, in an answer, any liability for loss under an insurance policy, the insurer does not waive its right to plead in abatement, that, under the terms and conditions of the policy as to payment, the action has been prematurely brought.

Appeal by defendant from an order of the district court for Hennepin county, Belden, J., sustaining a demurrer to a paragraph of the answer.   Reversed.

*Brown & Buffington*, for appellant.
*Wm. H. Hallam*, for respondent.

COLLINS, J.   This was an action to recover $800, the full amount of insurance alleged to be due upon a fire policy.   A copy of the policy was made a part of the complaint, and the plaintiff alleged generally that she had performed all of its terms and conditions on her part to be performed.   The answer set forth several distinct and independent

[1] Reported in 70 N. W. 856.

defenses, including one to the effect that under an appraisal in accordance with the terms of the policy the loss and damage had been ascertained and fixed at $393.91, and also one by which all liability on the defendant's part was, for reasons stated, expressly denied and repudiated.    To the seventh paragraph of the answer plaintiff interposed a demurrer upon the ground that it appeared on the face of the answer that said paragraph did not state facts sufficient to constitute a defense, and the question before us arises on an appeal from an order sustaining the demurrer.

The policy contained the usual provisions in respect to notice of loss, ascertainment, estimate, and proof of the amount thereof, and also provided that such amount should be payable 60 days after such notice, ascertainment, estimate, and satisfactory proof, including an appraisal if one has been made, have been received by defendant.  The paragraph demurred to, the averments therein being set out as a separate defense, brought forward and reiterated the allegations contained in the first, second, third, fourth, and fifth paragraphs of the answer, and must, therefore, be treated precisely as if all of these allegations had been incorporated, in detail and verbatim, into it.   These paragraphs, from one to four inclusive, contained admissions as to the corporate existence of defendant, the execution and delivery of the policy, and that no payment had been made to plaintiff; and in them were denials as to plaintiff's ownership of the property described in the policy and in the proof of loss, a denial of the value as claimed, with an allegation as to its true value, and a denial that the property was at any time wholly destroyed by fire as alleged in the complaint. The fifth paragraph was a denial of each and every allegation, statement, matter, and thing contained in the complaint not thereinbefore expressly admitted.   The seventh paragraph, in addition to bringing forward five out of the six which preceded it, contained an allegation that no ascertainment, estimate, satisfactory proof of loss, or award of appraisers was made by the parties or received by defendant prior to November 22, 1895, and that this action was commenced on December 26 of the same year.

It is urged by counsel for defendant, appellant, that the sufficiency of the seventh paragraph must be determined on the face of its own allegations, and without reference to those not expressly referred to

and made a part of it, citing Bliss, Code Pl. § 346, and cases in our reports in which this rule has been adopted in reference to causes of action set forth in a complaint. We need not pass upon this, but will take up plaintiff's contention, indorsed by the court below, that by denying and repudiating in the answer any liability whatsoever under the policy defendant has waived its right to insist in the same pleading, or, upon the trial, that the action has been prematurely instituted.

In Hand v. National, 57 Minn. 519, 59 N. W. 538, it was held that an absolute denial of all liability on a policy of insurance and a refusal to pay is a waiver of the right of the insurer to have a stipulated time after proofs of loss in which to pay; the reason given being that, as stipulations in policies that the loss is to be paid within a specified time after proofs are furnished are not, strictly speaking, intended to fix the "due day" of the contract, but are inserted to enable the insurer to inquire and investigate, with a view to determining whether he will pay, an absolute denial of liability and a peremptory refusal to pay is a waiver of the right retained by the stipulation. But in that case it stood admitted by the answer that liability had been denied, and payment refused, prior to the commencement of the action. The insurer had voluntarily denied its liability prior to the bringing of the suit. It had inquired and investigated, and had refused to pay. But this action was brought without waiting for defendant, and without according to it the full period of time agreed upon for its investigation and decision. The effect of the action was to compel it to determine. In the Hand case the determination and announcement were voluntary. Here these acts were involuntary, and necessarily so because of the institution of the suit. The defendant had been forced to take its position on this question, and the distinction between its rights under such circumstances and its rights when voluntarily determining that it will deny all liability, and the reason for the distinction, are easily understood and appreciated.

Order reversed.