JOHN C. ZEITLER v. NATIONAL CASUALTY COMPANY.[1]

February 6, 1914.

Nos. 18,383—(238).

**Accident insurance — policy construed.**
　　1. In an action upon an accident insurance policy the contract is construed and *held* to obligate defendant to make monthly payments of indemnity during the disability of the insured, not exceeding the period covered by the policy.

[1] Reported in 145 N. W. 395.

**Verdict sustained by evidence.**

2. The verdict of the jury to the effect that the disability for which plaintiff claims indemnity was the result of accidental injury, and that defendant waived strict compliance with the terms of the policy respecting notice and proof of injury, is sustained by the evidence.

**Waiver of notice — action not premature.**

3. Defendant being under obligation to make monthly payments of indemnity and having waived formal notice of the injury or proof of disability, it is *held* that the action was not prematurely brought, notwithstanding a provision of the policy that no action could be commenced thereon until after the proofs had been furnished.

**Charge to jury.**

4. The record presents no reversible error either in the instructions or refusals to instruct the jury.

Action in the district court for Washington county to recover $475 upon defendant's policy of accident insurance. The answer alleged, among other matters, that if plaintiff was totally disabled such disability had been caused by and was the result of locomotor ataxia; that locomotor ataxia is a form of paralysis and a chronic disability and the alleged disability of plaintiff was not the result of accident. It further alleged that if plaintiff's alleged disability was the result of accidental disability there was no external or visible mark of such injury on his body, and if any such injury was sustained it was caused and contributed to by disease or chronic ailment; that in his application plaintiff represented and warranted that he was at the time of making it in sound and healthy condition physically and that such representation was false. The case was tried before Stolberg, J., who denied defendant's motion to dismiss the action and denied defendant's motion for a directed verdict, and a jury which returned a verdict for $494.75 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Einar Hoidale, H. L. Hoidale* and *Henry C. Walters,* for appellant.

*H. H. Gillen,* for respondent.

BROWN, C. J.

Action upon an accident insurance policy in which plaintiff had a verdict and defendant appealed from an order denying its alternative motion for judgment or a new trial.

The facts will be stated in connection with the questions decided. It is contended by appellant: (1) That no cause of action had accrued on the policy at the time the action was commenced and that it was prematurely brought; (2) that the disability of which plaintiff complains was the result of illness and not of accident, and that his recovery should be limited accordingly; (3) that the evidence wholly fails to show an accidental injury; (4) that the plaintiff failed to comply with the terms of the policy respecting the notices required thereby to be given defendant, and in other respects; and (5) that the court erred in certain rulings and instructions and refusals to instruct the jury. We dispose of these contentions in the order stated.

1. Plaintiff made application to defendant, an accident or casualty insurance company, for insurance against accident or illness, and a policy was duly issued and delivered to him. The policy provided that, in consideration of the premiums paid and to be paid, the company

"Does hereby insure the person described in said application, subject to the provisions and conditions herein contained and indorsed hereon, from 12 o'clock noon, standard time, of the day this contract is dated, until 12 o'clock noon, standard time, of the first day of August, 1909, and for such further monthly periods, stated in the renewal receipts, as the payment of the premium specified in said application will maintain this policy and insurance in force."

This is followed by various separate provisions in specifications of the scope of the insurance, and the rate of indemnity to be paid, and, among others:

"Accident Indemnity for Total Disability.

"Paragraph A. At the rate of twenty-five dollars per month against total loss of time, not exceeding twenty-four consecutive months, resulting from bodily injuries effected directly and independently of all other causes through external, violent and accidental means, and which immediately, continuously and wholly, from date of accident,

disable and prevent the assured from performing every duty pertaining to any business or occupation."

Plaintiff claims to have received an accidental injury totally disabling him from work, and he brought this action to recover the promised indemnity, insisting that he was entitled to recover under the contract the sum of $25 per month during his disability, not exceeding 24 months, the period covered by the policy. Defendant contends that no liability arises under the contract, and that no action thereon can be brought until after the disability has terminated, or the period covered by the policy has expired. In other words, the company contends that it is under no obligation under the contract to make monthly payments of indemnity, and that the true construction of the terms of the policy imposes upon it an obligation to pay a total sum at the termination of disability or expiration of the policy. This contention presents the important question in the case. We do not sustain it.

Defendant is an accident or casualty insurance company, and as such was applied to by plaintiff, a shoemaker and cobbler, for indemnity against loss from accidental causes, and a policy so purporting to indemnify him was issued. The single purpose of the contract, as respects this indemnity, was to provide plaintiff with means of support during the period of possible disability arising from accidental means, supplying thereby the pecuniary loss necessarily resulting from his inability to pursue his occupation. The application for the policy recited, "the occupation and duties as stated above call for the following classification and indemnities:

| Class E | Monthly Acc'd. Ind. $25 |
|---------|-------------------------|

and the policy, as shown by the above quotations, provides for "indemnity at the rate of twenty-five dollars per month." This language is plain and unambiguous and was clearly intended to convey to plaintiff the understanding that the indemnity promised would be paid to him, in case of disability, in monthly instalments. And if there were no other provisions upon the subject the contract could not otherwise be construed, for as thus expressed the language clearly discloses the intention of the parties, and leaves no room for any other

124 M.—31.

construction. The only doubt thrown upon the question is found in paragraph V of the policy, which provides as follows:

"Notice and Proofs.

"Paragraph V. Written notice of any injury, fatal or nonfatal, or of any illness, must be given to the company at Detroit, Michigan, within twenty days from the date of accident or beginning of illness unless such notice may be shown not to have been reasonably possible. * * *

"Affirmative proof of any injury, fatal or nonfatal, or of any illness, must be furnished to the company at Detroit, Michigan, on such blanks as the company provides, within one month from the date of death, loss of limb or of sight, *or of the termination of disability.* Provided, that such affirmative proof as to injury must establish the fact that such injury was caused solely and directly by external violent and accidental means. *No action at law or in equity shall be brought against this company until three months from the expiration of the time named herein for filing proofs,* nor shall the same be brought unless commenced within one year after right of action accrues in accordance with this paragraph. * * *"

The precise contention of defendant is that no right of action accrues on the policy until the "affirmative proof" has been made, and that such proof, as applied to this case, cannot, under the conditions of the policy quoted, be made until after "the termination of disability," or the expiration of the period covered by the policy if the disability so continues. We think the policy should not be so construed. To give the provisions quoted this effect would defeat the main object of the contract, and substantially take away the beneficial purpose thereof, namely, the temporary pecuniary relief of the policyholder during his disability. For, if the "affirmative proof" be essential to the right of the promised indemnity, and it cannot be given until the insured has recovered, the whole intent of the contract as one of indemnity pending illness or disability is nullified and destroyed. The policyholder, though unable to pursue his occupation for months, must continue the payment of premiums to keep his policy in force and patiently await his recovery before he can claim the relief the contract clearly intended he should have in lieu

of the earnings of which his disability deprives him.  And though the question is not entirely free from doubt, we think that the provisions limiting the time within which the "affirmative proof" may be furnished might well be construed as fixing a time beyond which they may not be made.  The language of the policy is of defendant's own choosing, and the confusion created thereby, and the apparent conflict in the different provisions, must be resolved against it to the end that the true intent of the parties may be given effect.  The rule for the construction of such contracts, where ambiguous and uncertain, is most strongly against the company and favorable to the insured.  Mareck v. Mutual R. F. Life Assn. 62 Minn. 39, 64 N. W. 68, 54 Am. St. 613; Geare v. U. S. Life Ins. Co. 66 Minn. 91, 68 N. W. 731; Reilly v. Chicago Guaranty Fund Life Society, 75 Minn. 377, 77 N. W. 982.  The insured in this case was an ordinary shoemaker and cobbler, and no doubt incapable of analyzing the contract any further than to discover that which is most apparent, namely, the promise of monthly indemnity during disability, and the company should not be heard to insist that the ambiguity created by the "affirmative proof" clause, or the limitation of the time when an action might be brought, should be resolved in its favor to the detriment of the insured.  McCarvel v. Phenix Ins. Co. of Brooklyn, 64 Minn. 193, 66 N. W. 367; Davis Shoe Co. v. Kittanning Ins. Co. 138 Pa. St. 73, 20 Atl. 838, 21 Am. St. 904.  The suggestion is made that this construction would result in a multiplicity of actions, and since the contract covers a period of 24 months, involve defendant in 24 lawsuits.  The suggestion is without force.  A suit could be avoided by a prompt payment of the indemnity.  And if a controversy should arise, as in the case at bar, upon the question whether the disability complained of was the result of an accident within the meaning of the policy, one action would finally determine the issue, and the result thereof would be *res judicata* as to both parties.  If the question be resolved against the company, it would have no alternative but to make the payments called for by the contract, and the only possible question subsequently to arise would be whether the disability had been removed by recovery.  We therefore hold that the contract obligated the defendant to make monthly payments of

indemnity to plaintiff, and that a right of action therefor accrued at the expiration of each month during the period covered by the policy, provided the necessary notices and proof were given as required by the policy, or waived by the company.

2. The second contention is that the evidence wholly fails to show an accidental injury, and, therefore, that plaintiff can recover only under the provisions of the policy in respect to indemnity for illness. This claim is not sustained. The evidence made the issue one of fact, and we discover no reason for disturbing the verdict. Plaintiff, at the time of his injury, was working at his cobbler's bench. Some person came into the shop and requested the right to use his telephone. He arose from the bench to get the telephone directory for the purpose of finding the number of the call required, and tripped or fell over an iron anvil upon which shoes or boots were placed when the soles thereof were pegged, or his apron caught in that instrumentality, and he fell headlong upon the floor, injuring his arm, face and head. He raised himself from the floor, and subsequently resumed his work, but soon after was compelled to go to his home, and since has been unable to follow his occupation. The immediate result of his fall was partial paralysis, from which he has not recovered. Though some items of the evidence upon the subject may be said to leave the cause of plaintiff's fall in some doubt, taking the testimony as a whole it seems quite clear that plaintiff was in some way tripped by either his foot or apron coming in contact with the projecting anvil, and that he was thus thrown to the floor. There is no evidence that plaintiff at this time was suffering from any illness, or that he had so suffered, or was afflicted with a disease of any kind, and the jury were fully justified in concluding that his present condition was the result of an accident. Ludwig v. Preferred Accident Ins. Co. 113 Minn. 510, 130 N. W. 5; 2 Dunnell, Minn. Dig. § 4874.

3. The further point is made that plaintiff failed to comply with the terms of the policy requiring notice of the accident to be served upon the company. It will be noted by the provisions of the policy, heretofore quoted, that two notices are required to be given: (1) The written notice of the happening of the accident or illness; and (2) the "affirmative proof" heretofore referred to. In addition to

these the policy further provides for periodical certificates from the attending physician of the condition of the insured, and the probable duration of his illness or disability. And the right to examine the insured subsequent to his injury, or illness, for the purpose of learning the character of the injury or nature of the illness, is by the policy expressly reserved to the company, a refusal to permit which, by the insured, forfeits all claims to indemnity. Written notice of the accident was given the company, though perhaps not within the time fixed by the contract, and subsequently certificates of the condition of the plaintiff were furnished by his attending physician, but these were not continued every 30 days as the policy provides. The "affirmative proof" was not furnished at all, the failure to do which plaintiff claims was due to the act of defendant in refusing to furnish the necessary blank. But this is not of serious importance. It is the contention of defendant that the failure of plaintiff to comply with the contract in respect to furnishing these notices and the certificates of the attending physician, forfeits all rights under the policy. To avoid the effect of this failure, which is conceded, plaintiff insists that by its acts and conduct in the matter the company waived the default in this respect. The trial court submitted the issue to the jury, and the question presented is whether the verdict affirming such waiver is sustained by the evidence. We hold that the evidence sufficiently supports the verdict. Plaintiff was injured in September, 1911, written notice of which was given. On October 14, 1911, the company wrote him calling attention to the failure to comply with the terms of the policy in respect to notice, and certificates of his condition, and requesting further information, and stating that if the company did not hear from him within 10 days it would treat the matter as though no claim was to be presented. In response to this plaintiff's physician wrote the company, stating among other things that proper blanks had not been furnished for the character of proof the contract called for, and further detailed the nature and character of plaintiff's injury. On November 13, defendant wrote plaintiff's physician that in its opinion plaintiff's condition should be treated as an illness, and blanks for proof of such were inclosed. These were not filled out or returned, plaintiff and his physician con-

tending that the injury was the result of accident, and was not an illness within the meaning of the policy. Here the matter seems to have rested until September 4, 1912, when the company again wrote plaintiff's physician still insisting that plaintiff was suffering from illness and not accident, and calling for further information. In response plaintiff's physician stated again that the injury of plaintiff was the result of an accident, and he advised the company that in his opinion it was doubtful whether he would recover therefrom. Thereafter the company, in exercise of the right reserved to it by the policy, caused an examination of plaintiff to be made by its own physician who diagnosed his ailment as a "moderately advanced case of locomotor ataxia," in no way attributable to the accident of which plaintiff complains. The company refused to recognize an accidental injury and this action followed. On the facts stated it seems clear that there was a waiver of the default of plaintiff strictly to comply with the conditions of the policy on the subject of notice of the accident. The first notice sent to the company, together with the correspondence stated, fully advised the company of every fact necessary or essential to the protection of its rights, and, instead of standing upon the plaintiff's default, the company continued the negotiations in an effort to lessen its liability on the theory that plaintiff was suffering from an illness and not from an accidental injury. The "affirmative proof," which was not furnished, would have communicated to defendant no additional information, and it was in no way prejudiced by the failure of plaintiff to furnish it. That there was a waiver seems clear; at least the question was properly submitted to the jury. Mee v. Bankers' Life Assn. of Minn. 69 Minn. 210, 72 N. W. 74; Mueller v. Grand Grove U. A. O. D. 69 Minn. 236, 72 N. W. 48; 2 Dunnell, Minn. Dig. § 4789; Peabody v. Fraternal Acc. Assn. 89 Me. 96, 35 Atl. 1020; Standard Life & Accident Ins. Co. v. Davis, 59 Kan. 521, 53 Pac. 856. That there may be a waiver in such cases, notwithstanding the statutory form of policy, was held in Lake Superior P. & C. S. Co. v. Concordia Fire Ins. Co. 95 Minn. 492, 104 N. W. 560.

The notices having been waived by defendant and liability denied, the provisions limiting the time within which an action might be

brought were also waived, and the contention that an action could not be commenced until after the "affirmative proof" had been submitted falls with such waiver. Upon the facts presented to it by the notice given by plaintiff, and those learned from its own voluntary investigation, defendant denied liability and is in no position to urge in defense that the notices were not given strictly in conformity with the terms of the policy. Hand v. National Livestock Ins. Co. 57 Minn. 519, 59 N. W. 538; 3 Notes to Minn. Cases, 1170; French v. Fidelity & Casualty Co. 135 Wis. 259, 115 N. W. 869, 17 L.R.A. (N.S.) 1044. For the reasons there stated, La Plant v. Firemen's Ins. Co. of Baltimore, 68 Minn. 82, 70 N. W. 856, is not in point.

4. The other questions do not require discussion. We have fully considered all alleged errors in the admission and exclusion of evidence and in the instructions of the court, and the refusal of defendant's requests, and find no error of a character justifying a new trial.

Order affirmed.