G. H. APPLEBEE v. J. A. PERRY.[1]

October 24, 1902.

Nos. 13,153—(70).

**Charge to Jury—Omission of Counsel to Mention Defect.**

The well-settled rule in this state that the omission of material instructions, or indefiniteness or insufficiency or even obscurity, in the charge of the court, is no ground for error or for a new trial, where the attention of the court was not specifically called to the defect at the time of the trial, has not been affected by the passage of Laws 1901, c. 113.

**Verdict—Evidence.**

*Held*, that the evidence at the trial abundantly supported the verdict in this case.

Appeal by defendant from an order of the district court for Cass county, McClenahan, J., denying a motion for a new trial, after a trial and verdict in favor of plaintiff. Affirmed.

*B. F. Hartshorn*, for appellant.

*McGarry & De Lury*, for respondent.

COLLINS, J.

The gist of the first two assignments of error made by defendant's counsel in this case is that the instructions given by the court as to the proper application of payments were not sufficiently explicit, in that they "did not give the jury to understand" certain things. We do not agree with counsel upon this point. The instructions were clear, concise, and sufficient. Possibly they were not as full and explicit as counsel desired, but he should have so stated at the time. The law was given in a manner easily to be understood, and we have no doubt was fully comprehended by the jury.

It is well settled in our state that the omission of material instructions, or indefiniteness or insufficiency or even obscurity, in the charge of the court, is no ground for error or for a new trial, when the attention of the court was not at the time specifically

[1] Reported in 91 N. W. 893.

called to the defect, and further and more definite instructions asked for. This rule has not been affected by the passage of Laws 1901, c. 113. Should we hold otherwise, and that chapter 113 covers an instruction which is strictly accurate, although not quite as complete as the facts in the particular case might warrant, we should be placing counsel who fails to except under such circumstances in a better position than one who has excepted at the time of the charge. This because an exception at the time, which failed to call special attention to the alleged omission or indefiniteness or obscurity, would not avail under the general rule before stated.

2. We have examined the record carefully, and our conclusion is that the verdict was abundantly supported by the evidence, and' was in the proper form.

Order affirmed.