WILLIAM A. ROBERTSON and Another v. WILLARD P. BURTON.[1]

December 26, 1902.

Nos. 13,143—(66).

### Question for Jury—Failure to Submit—Exception.

The failure of the court to submit to the jury a question of fact in issue by the pleadings, and which was not abandoned at the trial, is error; and under Laws 1901, c. 113, requests to submit such issue, and exceptions for failure so to do, are not necessary. Steinbauer v. Stone, 85 Minn. 274, and other cases distinguished.

[1] Reported in 92 N. W. 538.

Action in the district court for Otter Tail county to recover $324.50 for work and labor performed by plaintiffs in building a barn for defendant at the latter's request. Defendant answered alleging a written contract between the parties for the erection of the building and a breach thereof by plaintiff, and setting up a counterclaim for $700 damages for such breach. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiffs for $292.35. From an order denying a motion for a new trial, defendant appealed. Reversed.

*Houpt & Field* and *E. R. Dampier*, for appellant.

*John L. Townley* and *Harry N. Bruce*, for respondents.

LEWIS, J.

According to the pleadings, there was made distinct issue upon two propositions. First, as to whether plans and specifications had been furnished in accordance with the terms of the contract; second, whether respondents had abandoned the work before its completion, without just cause,—that is, because appellant failed to furnish the necessary material.

So far as the preparation of the plans and specifications is concerned, respondents are not in a position to take advantage of any failure in that respect on the part of appellant. The agreement by appellant to furnish them was waived by going ahead with the work, under the personal superintendence of appellant, in accordance with such sketches, plans, or specifications as were prepared from time to time as the work progressed. But there was no modification of the contract as to the price to be paid for services, the duty of appellant to furnish material, nor in respect to the obligation on the part of respondents to complete the building. If the respondents had substantially completed the barn at the time work was suspended, they would be entitled to recover at the price named for the number of thousand feet of lumber put in place by them, but, if they abandoned work before the building was practically finished, then they would not be entitled to recover.

In submitting the case to the jury, the court stated that the parties had started out to do the work under a written agreement

upon plans and specifications to be furnished by appellant, but that they were not provided, and the contract was so modified that the furnishing of plans and specifications was waived, as well as the time within which the building was to be completed, and that the only thing left in the contract that was binding, if anything, was the price per thousand they were to receive for lumber. The court then instructed the jury to determine the amount of lumber put into the barn; also gave certain instructions with reference to some counterclaims for damages, and in respect to the failure to complete the work within the time named in the contract; and then added:

"Now, gentlemen, those are the only issues for you to consider here, and it is unnecessary for me to say more to you." And again: "I see from the figures that under the rule laid down to you the plaintiff in this case would be entitled to a verdict for some amount. It is only for you to determine what this amount is from the statements they have made to you."

It will be seen that the court did not submit to the jury the question whether respondents had abandoned the work without just cause. This being a direct issue in the case, and the trial having been conducted upon that theory, appellant was entitled to have it submitted to the jury, and it was error to take that question from the jury, unless the evidence was conclusive to the effect that respondents were not at fault in quitting work, or unless the building was substantially completed. The evidence was conflicting upon both of these points. No requests for instructions were made by appellant, and no exceptions were taken to the instructions given, and it is insisted by respondents that appellant is not entitled to take advantage of the error, if any was committed, in instructing the jury, for the reason that the court's attention should have been called to the fact at the time, in order that it might be corrected; citing the case of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754. This is not a case within the rule defined in that case, or in Applebee v. Perry, 87 Minn. 242, 91 N. W. 893, and Hansen v. St. Paul Gas Light Co., supra, page 86.

Unintentional misstatements and verbal errors in the charge of the court do not have reference to substantive questions of fact

upon which the cause was at issue and submitted at the trial. It appears from the nature of the submission of the case by the court, and from the fact that the matter was before it for review upon the motion for a new trial, that the court intentionally omitted to submit to the jury the question at issue, viz., whether or not the work had been abandoned without cause.

Order reversed, and new trial granted.