## JOHN BAILEY v. GRAND FORKS LUMBER COMPANY.[1]

February 26, 1909.

Nos. 15,816—(83).

**Contributory Negligence.**

The plaintiff's minor son was injured by a jump saw while working in the defendant's sawmill. *Held:* The evidence does not show as a matter of law that the son was guilty of contributory negligence, or that he assumed the risks.

**Request to Charge Jury.**

The general rule is that the omission of the trial court to charge the jury upon a particular point is not error, unless the court is requested so to do. This case is within the rule.

Action in the district court for Polk county by John Bailey to recover $15,000 damages for personal injuries sustained by his minor son while employed by defendant. The case was tried before Watts, J., and a jury which returned a verdict in favor of plaintiff for $7,-500. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Skulason & Husband* and *Howard T. Abbott,* for appellant.

*J. A. Sorley,* for respondent.

START, C. J.

Barney Bailey, hereinafter referred to as the plaintiff, a minor seventeen years old, was on July 9, 1907, injured while working for the defendant in its sawmill at East Grand Forks by his foot coming in contact with a saw. His father brought this action in the district court of the county of Polk to recover damages for the benefit of the son on account of such injury. Verdict for $7,500. The defendant appealed from an order denying its motion for a new trial.

[1] Reported in 119 N. W. 786.

The assignments of error raise two general questions.

The first one is: Did the trial court err in denying the defendant's motion to dismiss the action when the plaintiff rested his case, and in denying its motion for a directed verdict at the conclusion of the evidence? The contention of the defendant is that the court did so err, for the reason that the evidence was not sufficient to establish the alleged negligence of the defendant, but that it did show that the plaintiff was guilty of negligence and assumed the risks.

The evidence in some material particulars is conflicting, but the record discloses evidence, responsive to the issues, tending to show these facts: The plaintiff was employed by the defendant in its sawmill, and was placed in charge of a jump saw used for cutting logs into shingle lengths. It was two and one half feet in diameter, and revolved in a box or platform fifty feet long, some three feet wide, and two feet high. The platform extended parallel with the wall and fifteen inches therefrom. The saw was raised and lowered through an opening in the platform by means of a lever. This opening, the original width of which was one and one fourth inches, was cut wider as the saw was used, so that it became and was from two and one half to four inches wide. This condition had existed some time, and was known to the defendant. Within about one foot of the wall side of the platform a plank two by ten was placed on edge to prevent logs from falling on the other side. The opening for the saw was cut through this plank. There was a conveyor underneath the saw to carry away the sawdust and pieces of logs. This would frequently clog up, and then it would become necessary for the plaintiff to go upon the top of the platform, immediately to the right of the opening for the saw, cross over on the other side of the plank, and poke in from the wall side of the platform to loosen the clogged condition. Immediately to the right of the opening through which the saw was raised was a plank sixteen inches wide, extending across the platform and beyond the plank on edge. This plank was split, and its side next to the wall was unsupported, and it would give way when stepped on. This condition had existed for such a length of time before the accident as to charge the defendant with notice of the defect, but it was unknown to the plaintiff prior to the time of his injury. At the time of his injury the plaintiff went upon the platform,

107 M.—13

to the place where he was required to go to clean out the refuse from the conveyor, looking for his pick which he used to hold the logs in place when cutting them. In returning, he stepped on that part of the plank to the right of the saw, which was loose. It gave way, and caused him to lose his balance, and, to save himself from falling through an open window upon the sill of which his right foot was resting, he threw out his left foot. It did not catch, but slipped into the opening through which the saw was raised, came in contact with the saw, which split his foot several inches above the ankle, so that it became necessary to amputate it.

This occurred thirty nine days after he was put in charge of the saw. He knew that, when the saw was lowered below the platform, it continued to revolve, and of the opening through which it was raised or lowered. He, however, testified that he did not know that the opening was wide enough to permit his foot to pass through it.

The negligence on the part of the defendant alleged in the complaint and relied upon at the trial was allowing the opening through which the saw revolved to become and remain so wide as to permit a person's foot to pass through it, and come in contact with the saw, and in allowing the plank in the platform near the opening to become and remain loose, so that it would give down when stepped upon. The answer was, in legal effect, a general denial. The contention of the defendant is that the verdict is not sustained by the evidence for the reason that the plaintiff was guilty of contributory negligence, and that he assumed the risks.

It is urged that it was not necessary for the plaintiff to go upon the platform and that he had been warned never to go upon it, and that its condition was dangerous, and that the dangers incident thereto, if any, were apparent and known to him. This assertion is not justified by the evidence, which shows that there was a necessity for the plaintiff to go upon the platform; that he frequently went there in the discharge of his duties. The plaintiff's testimony in this respect was corroborated by at least two other witnesses. Again, the evidence is far from conclusive that he was ever warned never to go upon the platform. The weight of the evidence was to the contrary. The plaintiff testified that he was not so warned. The defendant's foreman, a witness for it, testified that: "I told him that I wanted no fooling

around there, and to keep off the platform, and not to be running around on the platform. That is all the talk I had with him. I didn't show him how to handle it because he told me he had worked there the year before. Q. But you told him not to go on the platform? A. Yes, sir; not to be playing around there." This falls far short of a direction never to go upon the platform for a necessary purpose connected with the operation of the saw. There was no evidence which would justify a finding that the plaintiff assumed the risk incident to the loose plank, for he had no knowledge of the defect until he was injured.

The claim that he assumed the risk of the danger of the unnecessarily wide opening in the platform through which the saw was raised and lowered rests solely upon the fact that he knew that the opening was there; but he testified that he had no knowledge that his foot would go through the opening, and did not know its width. It would seem to be doubtful in view of the plaintiff's age and experience, whether the fact that the plaintiff knew of the opening and that, if his foot was caught therein, he would be injured, would be sufficient to support a finding that he also appreciated the risk or liability of his foot being so caught. However this may be, it is clear that it cannot be held as a matter of law, notwithstanding his testimony to the contrary, that he knew and appreciated the risk of his foot being caught in the opening.

Our conclusion, based upon a consideration of the entire evidence, is that it does not show as a matter of law that the plaintiff was guilty of contributory negligence, or that he assumed the risks. It follows that the verdict is sustained by the evidence.

The only other ground for a new trial urged by the defendant is that the trial court erred "in failing to charge the jury on the doctrine of the assumption of risk." No issue was made by the pleadings as to the assumption of risks. The trial court was not requested to instruct the jury as to the doctrine of assumption of risks. The defendant's claim in moving for a directed verdict that the plaintiff assumed the risk was this: The "defendant renews its motion, and asks the court to direct a verdict in favor of defendant on the ground that there has been negligence conclusively shown on the part of the plaintiff in this case."

Nor did the defendant at the trial or before making its motion for a new trial except in any manner to the failure of the court to so charge. The settled doctrine of this court is that, as a general rule, the omission of the trial court to charge the jury upon a particular point is not error, unless the court is requested so to do. McCarvel v. Phenix Ins. Co., 64 Minn. 193, 66 N. W. 367; Mobile Fruit & Trading Co. v. Potter, 78 Minn. 487, 81 N. W. 392; Ellington v. Great Northern Ry. Co., 92 Minn. 470, 100 N. W. 218; Coe v. Northern Pac. Ry. Co., 101 Minn. 12, 111 N. W. 651, 11 L. R. A. (N. S.) 228; State v. Zempel, 103 Minn. 428, 115 N. W. 275.

There are exceptions to the rule, but they are rare. Robertson v. Burton, 88 Minn. 151, 92 N. W. 538. In this exceptional case the court submitted to the jury certain of the issues, but omitted a material one, and instructed the jury that those submitted were the only ones to consider, and that the plaintiff was entitled to a verdict for some amount.

It is obvious that the instant case is within the general rule.

Order affirmed.