JOHN BAILEY v. GRAND FORKS LUMBER COMPANY.[1]

February 26, 1909.

Nos. 15,858—(210).

**Verdict—Evidence.**

> *Held* in this, a personal injury action, that the evidence sustains the verdict for the plaintiff, and that the trial court made no prejudicial error either in charging the jury or in ruling upon the admissibility of evidence.

Action in the district court for Polk county to recover $1,800 for loss of services of plaintiff's minor son who was injured while employed in defendant's saw mill. The case was tried before Watts, J., and a jury which returned a verdict in favor of plaintiff for $900. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Charles Loring* and *Bangs, Cooley & Hamilton,* for appellant.

*J. A. Sorley,* for respondent.

START, C. J.

This action is the sequel of the case of Bailey v. Grand Forks Lumber Co., supra, page 192, 119 N. W. 786, and was brought to recover

[1] Reported in 119 N. W. 787.

for loss of services of the plaintiff's minor son, Barney, by reason of his injury due to the alleged negligence of the defendant. Verdict for the plaintiff for $900. The defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

The defendant here contends that there was no evidence to justify the submission of the case to the jury. The allegations of negligence and the evidence in this case are substantially the same as in the case cited, which was an action to recover damages for the benefit of the son on account of his injuries by reason of the same accident and alleged negligence involved in this case. While the evidence in each case is not in all particulars the same, yet it is sufficiently so as to make unnecessary any statement of the facts herein, and reference is here made to the opinion in the case cited for a statement of facts which the evidence herein tends to show.

The reason urged by the defendant why the verdict is not sustained by the evidence is because it fails to show any negligence on the part of the defendant, and, further, that it conclusively shows that the plaintiff's son was guilty of contributory negligence, and assumed the risk. The question whether the son was guilty of contributory negligence and assumed the risks was urged in his case, and we held that it was a question of fact under the evidence. The evidence on this question was substantially the same in each case, and we hold in this case that the question was one of fact for the jury. The defendant further urges that it was guilty of no actionable negligence "for the reason that Barney, at the time of his injury, was using the top of the saw box for a purpose for which it was never intended to be used, that he was at the time acting without the scope of his employment, and that the defendant could not reasonably have anticipated that any injury whatever would or could happen to Barney, or to any other person, from the alleged defects."

This question was not urged in the son's case, and was not directly decided. We have considered the evidence with particular reference to this question, and have reached the conclusion that the evidence was sufficient to sustain a finding by the jury to the effect that the son was within the scope of his employment when injured; that the defendant in the exercise of due care for the safety of its employees ought to have

anticipated that injury might result to them by reason of the unnecessarily wide opening through which the saw was raised and lowered, and the defects in the platform; and, further, that the verdict is sustained by the evidence.

The plaintiff as a witness on his own behalf testified without objection with reference to his son's ability to do manual labor, as follows: "Since he was injured he has done practically nothing except to go to school after he got the artificial limb. He has not been able to do any manual labor. I think he was in the garden one or two evenings, and worked a little while. He has not been fitted to do any kind of work." He was then asked the question: "To what extent do you think his ability to perform manual labor has been impaired?" The defendant objected to the question because it called for a conclusion which the witness was not competent to testify to. Objection was overruled, and the witness answered: "I think probably eighty per cent." It appears from the record that his estimate of disability related to the then present time, and, further, that no claim is made that the award of damages is excessive. If it be conceded that the ruling was wrong, it was not reversible error for the undisputed competent evidence shows that the boy was then, and would continue to be during his minority, a matter of two years, practically unable successfully to do manual labor.

The only other alleged error relied on is that the court erred in giving the following instructions: "The defendant has presented to the court a great many statements of law, which it asks the court to give to the jury as being correct statements of law. They are repetitions, very largely, with slight variations; but it is claimed by defendant that they have a bearing upon the facts as they might be found by the jury from the evidence in the case. The plaintiff does not object to their being given; in fact, expressly waives any objection to any of them, so I will give you these statements of law." The court gave the requested instructions as a part of his general charge. It is claimed that this was prejudicial and comes within the rule of Fitzgerald v. St. Paul, M. & M. Ry. Co., 29 Minn. 336, 13 N. W. 168, 43 Am. 212.

Some of the requested instructions were in substance repetitions, and others were general statements of the law relating to master and servant. The trial judge might well have refused them and instructed

107 M.—14

the jury in his own language, concisely and concretely. It is to be noted that he expressed no opinion that they were not the law, as was done in the Fitzgerald case. The charge, taken as a whole, was quite as favorable to the defendant as it was entitled to have it, and the court did not err to its prejudice.

Order affirmed.