## AGNES BEARDMORE v. G. W. BARTON and Another.[1]

### May 14, 1909.

### Nos. 16,008—(7).

**Verdict Not Excessive.**

 A verdict for $2,000 against the owner of a hack operated by him for the purpose of conveying passengers for hire, for a criminal assault by his servant, the hack driver, upon a female passenger whom he had undertaken, in the nighttime, to convey from the railway station to her residence, *held* not excessive.

**No Reversible Error.**

 The record *held* to present no reversible errors. Robertson v. Burton, 88 Minn. 151, limited.

[1]Reported in 121 N. W. 228.

Action in the district court for Polk county for $7,500 damages for criminal assault. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $2,000. Defendant's motion for a new trial was denied. From a judgment entered pursuant to the verdict, defendant Barton appealed. Affirmed.

*H. A. Bronson* and *D. T. Collins,* for appellant.

*F. C. Massee* and *G. A. E. Finlayson,* for respondent.

BROWN, J.

At the time complained of in this action defendant Barton, a resident of the city of Grand Forks, North Dakota, was engaged in the business, among other things, of conveying, by means of hacks or carriages, persons from railroad stations in said city to various parts thereof, and to places in the city of East Grand Forks, in Minnesota, the two cities being on opposite sides of the Red River of the North, and as such was a common carrier for hire. Defendant Smith was in his employ as driver of one of the hacks, and the relation of master and servant existed between them.

On the fifteenth day of December, 1906, plaintiff, a young woman of twenty-two years, came from her home in Rugby, North Dakota, to visit a relative at East Grand Forks. The train by which she came was late and arrived at Grand Forks between three and four o'clock in the morning. Being somewhat timid about crossing the bridge over the river between the two cities to the house of the relative she intended to visit, she engaged passage in defendant Barton's hack, then in charge of defendant Smith. She informed him of her destination, and he agreed to convey her thereto. Two other persons were also passengers in the same hack, a lady and a gentleman, with whom plaintiff had no acquaintance. These two persons were conveyed to their destination, leaving plaintiff alone in the hack. The driver then started for the residence of plaintiff's relative, but deliberately took a route going in another direction. After proceeding some distance he brought his team to a stop, alighted from his seat, fastened the horses by dropping the weight to which their heads were attached, entered the hack, and violently assaulted plaintiff. Her resistance was so vigorous and earnest that

he finally desisted, and agreed to take her to her destination, without further harm, if she would promise not to disclose his conduct to her friends. This, out of fear of a renewal of the assault, she promised. He then proceeded to within a block of the residence of her relative. She left the hack and proceeded thence alone. After arousing her relative and being admitted to the house, she immediately made complaint of the driver's conduct. He was subsequently arrested, indicted, and convicted for the assault, and sentenced to prison for a term of years. Prior to this date plaintiff had no acquaintance with Smith. Plaintiff thereafter brought this action against both Barton, the owner of the hack, and Smith, his employee and servant, for damages for the wrong so inflicted upon her. She had a verdict in the court below against defendant Barton for $2,000. The action was not tried as to defendant Smith. A motion for a new trial was thereafter made and denied. Judgment was then entered on the verdict, and Barton appealed.

The only question presented by the record is whether the damages awarded by the jury, $2,000, are excessive. The question whether the court erred in not giving to the jury a requested instruction, to the effect that plaintiff could not recover, if they found that the relation of master and servant between Barton and Smith had been suspended and did not exist at the time complained of, is not presented by any proper exception, and cannot be considered. The refusal was not excepted to at the trial, nor was it assigned as error on the motion for a new trial; and, moreover, that the relation of master and servant did in fact exist was conceded by a stipulation of the parties entered into at the opening of the trial. Nor was the failure of the court to give more extended instructions error. The court in general terms correctly gave the jury the rule of law applicable to the case, and, if more specific directions were desired, a request therefor should have been made. Bailey v. Grand Forks Lumber Co., 107 Minn. 192, 119 N. W. 786. As intimated by the chief justice in the case just cited, the rule applied in Robertson v. Burton, 88 Minn. 151, 92 N. W. 538, is not to be extended. It does not apply to the case at bar. We therefore turn our attention to the question of damages.

The assault upon plaintiff was aggravated and brutal. Assailed

by a person from whom she had the right to expect the utmost care for her protection, in a closed carriage, in the nighttime, and at a lonely place, in a frenzied effort to violate her chastity, her terror, outraged feelings, and humiliation may well be imagined. While it is true that no serious physical injury was inflicted upon her person, her terror and anxiety, insulted virtue, and mental suffering were proper elements for consideration on the subject of her damages. In its charge to the jury the court limited plaintiff's recovery to compensation, and the amount awarded by the jury represents their judgment of fair compensation. We have no rule by which to measure accurately the injury to the mind arising from an assault or insult of the character of this one, and it would be unwise for the court to attempt a substitution of its estimate for that of the jury. The amount may seem large to the defendant, but we are not prepared to say that it is out of proportion to the suffering plaintiff endured. None of the cases cited by defendant in support of the claim that the damages are excessive presented a case similar to this one, and are therefore not in point.

Judgment affirmed.