## WILLIAM FARRIS v. R. KOPLAU.[1]

February 3, 1911.

Nos. 16,958—(249).

**Fraud in obtaining promissory note — failure to instruct jury not a ground for new trial.**

The failure of the court to instruct the jury upon all the elements necessary to constitute a defense under section 2747, R. L. 1905, relative to the procurement of negotiable instruments by fraudulent means, is not, in the absence of special requests or proper exceptions at the trial, ground for a new trial.

**Same — question for jury.**

Evidence *held* sufficient to justify the submission to the jury of the question whether the promissory note in suit was obtained by fraudulent representations and without negligence on the part of defendant.

**Ground for new trial — case limited.**

A trial court has no authority to grant a new trial for errors not duly excepted to on the trial, or on a motion for a new trial, as provided for by section 4200, R. L. 1905. Bank of Willmar v. Lawler, 78 Minn. 135, limited.

Action in the district court for Clay county to recover $92.92 upon a promissory note. The substance of the answer is stated in the opinion. The reply was a general denial. The case was tried before Baxter, J., and a jury which returned a verdict in favor of defendant. From an order granting plaintiff's motion for a new trial, defendant appealed. Reversed.

[1] Reported in 129 N. W. 770.

*Peterson & Adams,* for appellant.
*Nye & Dosland,* for respondent.

BROWN, J.

This action was brought to recover upon a promissory note, alleged to have been made and delivered by defendant, of which the following is a copy:

"$92.92.                                         Sabin, Minn., Aug. 6, 1908.

"October 1st after date I promise to pay to the order of myself ninety-two 92/100 dollars, at Sabin, Minn. . Value received, with interest at the rate of ten per cent. per annum.

                                                             R. Koplau."

It was indorsed in blank with the name of the maker and payee, "R. Koplau." The complaint alleged that the note was delivered to the Mutual Life Insurance Company of New York, and the evidence tends to show that it was delivered to an agent of that company in payment of the first premium on an insurance policy issued upon the life of defendant. The complaint also alleged that before the maturity of the note the insurance company for value sold and transferred the same to plaintiff. The defendant in his answer denied the execution or delivery of the note as alleged in the complaint or otherwise, and further alleged that, if plaintiff had a promissory note of the terms and effect of that described in the complaint, it was procured from defendant by false and fraudulent representations, and by trick, artifice, and fraud. Defendant had a verdict, and the court granted plaintiff's motion for a new trial. Defendant appealed.

1. Plaintiff's motion for a new trial was based upon two grounds, namely: (1) Errors in law occurring on the trial; and (2) that the verdict was not justified by the evidence. The court made a general order granting the motion, without assigning reasons therefor. It cannot, therefore, be sustained as a discretionary order, and we have only to determine whether the evidence reasonably tends to support the verdict, and, if so, whether there were any errors in the rulings

or instructions of the court of a nature to justify a new trial. Fitger v. Guthrie, 89 Minn. 330, 94 N. W. 888.

2. It is contended by plaintiff in support of the order that the evidence wholly fails to support the defense, and therefore that the verdict cannot stand. While it is true that the evidence fairly shows that plaintiff was a bona fide purchaser of the note, section 2747, R. L. 1905, makes available to defendant the defense of fraud; and the question whether a promissory note was procured by false representations, trick, or artifice is by that statute made a question of fact for the jury. A bona fide holder of negotiable instruments is not protected by his good faith, but takes title subject to this particular defense. We have examined the record, and find therein evidence reasonably tending to support the allegations of fraud, and plaintiff's contention that it wholly fails to make a defense is not sustained.

We also similarly dispose of plaintiff's further claim that the evidence is conclusive that defendant was guilty of negligence in signing the note without first ascertaining its real purpose and effect. The evidence made this a question of fact. It would serve no useful purpose to discuss the evidence. Sibley County Bank v. Schaus, 104 Minn. 438, 116 N. W. 928.

3. It is further contended in support of the order that the court below erred in its instructions to the jury. The statute relied upon by defendant (section 2747) provides that no person shall be liable upon a promissory note or other negotiable instrument executed by him, if he shall make it appear that his signature was obtained by fraudulent representations, trick, or artifice as to the nature and terms of the contract, that he did not at the time of signing the same believe it to be a promissory note or other negotiable instrument, and that he was not guilty of negligence in signing the paper without the knowledge of its terms. It also provides that the question of negligence shall be one of fact for determination by the jury. To constitute a defense under this statute it must be made to appear (1) that the instrument was obtained by fraudulent representations, trick, or artifice; (2) that the maker thereof did not believe he was signing a negotiable instrument; and (3) that he was not

negligent in signing it without knowledge of its contents. And it is clear that the parties in an action where such an issue is raised have the right to a submission of all these questions to the jury.

In the case at bar the charge of the court was very brief. In substance the court instructed the jury that if the note in suit was obtained from defendant by fraudulent representations, and was fraudulent, defendant was entitled to their verdict; but if they found there was no fraud a verdict should be returned for plaintiff. The court did not say to the jury that defendant was required to make it appear that he was not guilty of negligence in signing the note without knowledge of its terms, and of this plaintiff complains for the first time in this court. No requests for instructions upon that subject were made at the trial, nor was the failure of the court to fully cover the issues excepted to on the trial, or assigned as error in the motion for a new trial. The failure to so charge was not, therefore, error justifying a new trial. The rule is well settled that the failure of the court to cover some particular feature of the case in its instructions is not reversible error, in the absence of special requests therefor. Chamberlain v. Porter, 9 Minn. 244 (260); Ellington v. Great Northern Ry. Co., 92 Minn. 470, 100 N. W. 218; Olson v. Aubolee, 92 Minn. 312, 99 N. W. 1128; Bailey v. Grand Forks Lumber Co., 107 Minn. 192, 119 N. W. 786. The case of Robertson v. Burton, 88 Minn. 151, 92 N. W. 538, has been limited to the special facts of that case, and has not been extended. Bailey v. Grand Forks Lumber Co., supra; Beardmore v. Barton, 108 Minn. 28, 121 N. W. 228.

Nor is the point that the charge of the court taken as a whole was too indefinite and incomplete available to plaintiff. Both parties heard the instructions as given by the court at the trial and were apparently content with the same. No objection on the theory that the charge was indefinite or otherwise not sufficiently comprehensive of the issues was made. The objection comes too late. Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754.

Nor can the order be sustained under the rule of Bank of Willmar v. Lawler, 78 Minn. 135, 80 N. W. 868. The trial court in that case granted a new trial upon its own motion, immediately

upon the return of the verdict, but in the main upon the ground that the verdict was flagrantly against the evidence. The order was sustained. It does not appear in the case at bar that the court granted the new trial on that ground, and it is well settled that a new trial cannot be granted for errors not excepted to in the manner prescribed by law. Valerius v. Richard, 57 Minn. 443, 59 N. W. 534; Weinberg v. Steeves, 82 Minn. 262, 84 N. W. 755. Whatever authority a trial court may possess in respect to setting verdicts aside immediately upon the rendition thereof by the jury, as in the Lawler case, such was not the action of the court in this case. On the contrary, the order was based upon plaintiff's motion specifying the grounds urged in support thereof. That motion controls. It is believed that if the Lawler case is to be extended, and to authorize a new trial upon the motion of the court for reasons other than insufficiency of evidence, it should come about by legislation.

It follows that since the evidence reasonably tends to support the verdict, and no errors were committed on the trial of a character to justify a new trial, the order appealed from must be reversed, and the verdict reinstated. Owens v. Savage, 93 Minn. 468, 101 N. W. 790.

Order reversed.

JAGGARD, J., took no part.