# SERENA MOE and Another v. PETER B. PAULSON.[1]

January 29, 1915.

Nos. 18,951—(175).

**Will — evidence — undue influence.**
1. In a will contest case the evidence is considered and *held* sufficient to support the verdict of the jury to the effect that testatrix was mentally competent to make the will and that it was not procured by undue influence.

**Conversation with decedent — waiver of objection.**
2. Where a party who is entitled to object to evidence of a conversation with a deceased person, by a person interested in the event of the action, calls such witness and cross-examines him in reference to such conversation, he thereby waives the right to object to a full statement of the entire conversation. In re Hess' Estate, 57 Minn. 282, followed.

**Same.**
3. The rule applies, even though the questions put to the witness were intended to call only for statements made by him to the deceased. Such statements are necessarily a part of the conversation, and by calling them out the other party is entitled to the whole conversation.

**Charge to jury — reference to witness.**
4. The rule that special reference in the charge of the court to a particular witness, with the admonition to consider his interest in the result of the action, is error, does not apply where the court in such connection names practically all the witnesses so interested.

**Admission of incompetent evidence.**
5. Erroneous rulings admitting incompetent or immaterial evidence will constitute reversible error only when clearly prejudicial.

**Charge to jury.**
6. The charge of the court stated the rules of law applicable to the case with substantial correctness and without reversible error.

From an order of the probate court for Hennepin county admitting to probate the last will and testament of Karen Paulson, deceased, Serena Moe and others appealed to the district court for that county. The appeal was heard before Hale, J., and a jury which

. [1] Reported in 150 N. W. 914.

answered in the affirmative the question whether Karen Paulson was of sound mind at the time she executed the will, and in the negative the question whether the will was procured by the exercise of undue influence by Peter B. Paulson. From an order denying their motion for a new trial notwithstanding the verdict, Serena Moe and Hannah Olson appealed. Affirmed.

*James A. Peterson, Lars O. Haug* and *K. T. Dahlen,* for appellants.

*Lind, Ueland & Jerome,* for respondent.

BROWN, C. J.

Karen Paulson, a resident of Hennepin county, died at her home in May, 1913, leaving what purported to be her last will and testament, in and by which she devised and bequeathed all her property to her son, Peter B. Paulson, respondent herein. She left surviving four other children, all of mature years, who contested the allowance and probate of the will on the grounds that testatrix was of unsound mind at the time it was executed, and that she was procured and induced to make it by the undue influence of the beneficiary, her son Peter. The probate court sustained the will, and contestants appealed to the district court, where the issues were submitted to a jury. The jury found that testatrix was of sound mind and that the will was her free act and deed uninfluenced by her son. Contestants moved for judgment notwithstanding the verdict or for a new trial. The motion was denied and two of the contestants, Hannah Olson and Serena Moe, appealed.

The assignments of error challenge the sufficiency of the evidence to support the verdict, rulings of the court on the admission and exclusion of evidence, and the charge of the court to the jury.

1. The question whether the evidence supports the verdict does not require extended discussion. The evidence on the trial took a wide range, and considerable latitude was given the contestants in the admission of testimony. We have read it with care and find therein ample evidence to support the conclusion that testatrix was mentally competent to make the will, that she fully understood all its provisions, and that it in fact represents her wishes as to the

disposition of her property. The will was drawn by an attorney of high standing in the profession, and from information given and communicated to him by testatrix at the time. While she was then ill, having previously suffered a paralytic stroke, her mind was unaffected, and she retained a clear memory of all her property interests. Testatrix with her husband had resided in Minneapolis for many years, during which they accumulated considerable property. This consisted of residence and business properties, the most of which was rented to tenants, and yielded a comfortable income. Shortly after the death of her husband, which occurred some time in the year 1911, she made a partial distribution of her property among her children. She conveyed to each, including the son Peter, a house and lot, of about equal value, and otherwise at times contributed to each. At the time of this distribution she expressed the intention of giving the remainder of her property to her son Peter; and this intention was generally known to members of her family. She retained this intention up to the time the will was made, the terms and provisions of which were also made known to the other children. That she had the right to do this, and to discriminate in favor of the son cannot be questioned. And if made in sound mind and without fraud or undue influence the law cannot step in and declare that the preference of the son was wrong. The evidence fully sustains the claim that she was of sound and disposing mind, and we find no evidence from which it may be said that any undue or other influence was exerted by the son. The will was but the consummation of an intention on her part which she entertained for some time, and which she had expressed to others, and since the court has approved the verdict we find no sufficient reason for interference.

2. A large number of errors are assigned to rulings of the court in the admission of evidence, many of which do not require special mention. A good portion of them are now urged in connection with the contention that the trial court abused its discretion in the rulings complained of, and to such an extent that contestants were prevented from having a fair trial. It is sufficient answer to these assignments, that the question whether the court below was chargeable with misconduct in its rulings which prevented a fair trial, was not made one

of the grounds of motion for a new trial, and the question is not therefore properly before us. We may say, however, that we discover no reason for so characterizing the rulings or conduct of the trial court. We are therefore confined in the consideration of these assignments to the question whether any error was committed of a nature clearly prejudicial, and such as to justify a new trial of the action. We find no such errors. Though some of the rulings may have been technically incorrect, contestants were in no substantial way prevented from fully presenting their case. Some of the evidence claimed to have been erroneously excluded was subsequently admitted, and other portions thereof were of no substantial probative force or value. It may also be said that perhaps technical error was committed in the admission of certain items of evidence. We need not refer particularly to them, for we have examined them all and find no reason for holding any of such rulings reversible error. While it has often been said that error committed upon the trial of an action is presumptively prejudicial, and such is perhaps the general rule, the presumption in recent years has not been given effect blindly, and it is now with practical unanimity held that prejudice in fact must appear before a reversal will be ordered; particularly for error in the admission of immaterial evidence, though the rule is different where competent and material evidence has been erroneously excluded. Whitaker v. Chicago, St. P. M. & O. Ry. Co. 115 Minn. 140, 131 N. W. 1061. We discover in the case at bar no reason for holding that any of the rulings complained of resulted prejudicially to appellants.

3. One of the assignments of error in this connection deserves special mention. Respondent, beneficiary in the will, was called by contestants as a witness on cross-examination, and interrogated to some extent in respect to a conversation had with his mother, testatrix, before her death, in respect to the disposition of this property after she had passed away. The questions put to the witness in the main called for things said by the witness to his mother, and in answer thereto he stated things that the mother had said to him. Whereupon his counsel was permitted to bring out the entire con-

versation with his mother. This was objected to as calling for a conversation with the deceased, by a witness interested in the result of the action, and a violation of the statute upon that question. Section 8378, G. S. 1913.

This statute declares that it shall not be competent for any party to an action, or any person interested in the event thereof, to give in evidence any conversation with, or admission of, a deceased party, relative to any matter in issue between the parties. The statute is not an absolute prohibition of such evidence, and the right to exclude it when offered may be waived. The right to exclude it is waived when the party entitled to object to its reception by cross-examination requires the prohibited witness to state the conversation or a part thereof. In re Hess' Estate, 57 Minn. 282, 59 N. W. 193. Such was the situation in the case at bar. Contestant called for cross-examination of the adverse witness and interrogated him in reference to things said by him to deceased and things said by her to him. Under the case just cited the court properly permitted counsel for respondent to bring out the entire conversation. Such is the general rule under statutes of this kind. 4 Jones, Evidence, § 780. But counsel for appellant insists that his questions to the witness were intended to call from the witness only certain statements by him to deceased in reference to a division of the property after her death. If this be conceded, the difficulty is in no manner relieved. The evidence so sought to be brought out was necessarily a part of a conversation with deceased (Peterson v. Merchants Ele. Co. 111 Minn. 105, 126 N. W. 534, 27 L.R.A.[N.S.] 816, 137 Am. St. 537), and had reference to the will subsequently made by her and tended to show, had favorable answers been given, an agreement on his part to divide the property with contestants. We think evidence of this character comes clearly within the statute, and the cross-examination was a waiver and opened the door to respondent to state the whole conversation. 4 Jones, Evidence, 781, and authorities there cited.

4. The charge of the court is challenged by numerous assignments, but a careful examination thereof taken in its entirety discloses no sufficient reason for characterizing it as unfair or as containing in

any of the portions excepted to, reversible error. The instructions were comprehensive and clear, covering all phases and features of the case, and fairly left the issues to the determination of the jury. Perhaps the charge, taking the parts thereof to which exception was taken, is open to some of the criticisms of counsel, but there was no substantial error. The fact that the court referred by name to some of the witnesses and the interest they appeared to have in the controversy was not reversible error, for the court also included the names of all those who were interested and had expressed an opinion of the mental capacity of testatrix, including respondent. Instructions in this respect should be in general terms, and not by reference to a particular witness. Harriott v. Holmes, 77 Minn. 245, 79 N. W. 1003. But the reason for holding that the mention of the name of one witness, and cautioning the jury to take into consideration his interest in the outcome of the litigation, does not apply where the court names practically all the witnesses on both sides of the case who are thus interested. The failure of the court to instruct the jury in reference to the burden of proof was not error, for the reason that no request for such instruction was submitted. We think also, and so hold, that the instructions stated with substantial correctness what constitutes mental capacity, and what constitutes undue influence, the only issues in the case, and the contention to the contrary is not sustained. And taking the charge as a whole we hold that no substantial error was committed in stating the law of the case. If there were any verbal inaccuracies, request to clear them up should have been made at the trial.

Judgment affirmed.