## P. O. HEIDE and Others v. PATRICK J. LYONS.[1]

February 19, 1915.

No. 19,226.

**Grant of new trial — when order is appealable.**
    Under Laws 1913, c. 474 (G. S. 1913, § 8001), an order granting a new

[1] Reported in 151 N. W. 139.

trial is not appealable unless it appears therefrom, or from the memorandum attached thereto, that it is granted exclusively on the ground of errors of law occurring at the trial; and when it appears that misconduct was one of the grounds the order is not appealable.

Action in the district court for Hennepin county. From an order granting plaintiffs' motion for a new trial, Leary, J., after verdict for defendant, defendant appealed. Motion to dismiss appeal granted.

*Booth & McDonald* and *Lancaster, Simpson & Purdy*, for appellant.

*Selover, Schultz & Selover*, for respondent.

PER CURIAM.

On motion to dismiss appeal.

The trial of the action resulted in a verdict for the defendant. Plaintiffs moved for a new trial. Their motion was granted. The defendant appeals from the order granting it. The plaintiffs move to dismiss the appeal upon the ground that the order is not appealable.

The statutory grounds for a new trial, abbreviating them, are these:

(1) Irregularity in the proceedings of the court, referee, jury or prevailing party.

(2) Misconduct of the jury or prevailing party.

(3) Accident or surprise.

(4) Newly discovered evidence.

(5) Excessive or insufficient damages.

(6) Errors of law occurring at the trial.

(7) Verdict not justified by the evidence or contrary to law.

R. L. 1905, § 4198 (G. S. 1913, § 7828).

Chapter 474, p. 699, Laws 1913 (G. S. 1913, § 8001), provides that "when an order granting a new trial is based exclusively upon errors occurring at the trial and it is so expressly stated in the order or memorandum of the trial court, an appeal therefrom may be taken, but in such case only."

The motion for a new trial was made on various grounds including misconduct of the defendant and his counsel and errors of law.

The order granting the new trial does not state that it was based

upon errors occurring at the trial.    We gather from the memorandum that one ground on which the motion was granted was misconduct.

The provisions of Laws 1913 relative to appeals are plain.    There is no call for construction.    The effect of the statute is to abolish all appeals from orders granting new trials upon discretionary grounds.    Unless the new trial is granted exclusively because of errors of law, and it is so stated in the order, or in the memorandum, the order is not appealable.    If nothing is said as to the ground upon which the order is based, and the motion for a new trial is made on grounds additional to that of errors of law, it is not appealable.    We do not mean that if the order shows the grounds upon which it is based, and they are in fact errors of law exclusively, it is not appealable because there is a failure to state within the words of the statute that the order is based "exclusively upon errors of law"; but it must appear that the new trial was granted exclusively because of errors of law.    In the case before us it does not so appear, therefore the order is not appealable.

Appeal dismissed.