# MATTHEW P. MONTEE v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 16, 1915.

Nos. 19,163—(106).

**Order not appealable.**

An order denying a motion for judgment notwithstanding the verdict is not appealable. The motion to dismiss the appeal was granted for that reason. [Reporter.]

[1] Reported in 151 N. W. 1101.

**Same.**

Since G. S. 1913, § 8001, was enacted, an order granting a new trial is not appealable unless it is expressly stated in the order or memorandum of the trial court that the order is "based exclusively upon errors occurring at the trial." Where the court filed no memorandum and did not state in the order that it was based expressly upon errors at the trial, the order was not appealable. [Reporter.]

Action in the district court for St. Louis county by Matthew P. Montee, as father and for the benefit of his minor son Cecil. From an order of the court, denying defendant's motion for judgment in its favor and upon its own motion granting a new trial, defendant appealed. Motion to dismiss appeal granted.

*Baldwin, Baldwin & Holmes,* for appellant.

*Samuel A. Anderson* and *Warner E. Whipple,* for respondent.

PER CURIAM.

Motion is made to dismiss this appeal on the ground that the order appealed from is not appealable. The point is well taken. After verdict for plaintiff, defendant moved for judgment notwithstanding the verdict. The court made an order denying this motion, but in the same order, the court, upon its own motion, granted a new trial. Appeal is taken from this order. It is well settled that an order denying a motion for judgment is not appealable. It is also well settled that a trial court has jurisdiction to grant a new trial upon its own motion. Bank of Willmar v. Lawler, 78 Minn. 135, 80 N. W. 868; Farris v. Koplau, 113 Minn. 397, 129 N. W. 770; Stebbins v. Martin, 121 Minn. 154, 140 N. W. 1029. The statute explicitly provides that an order granting a new trial is not appealable unless it is expressly stated in the order or memorandum of the trial court that the order "is based exclusively upon errors occurring at the trial." G. S. 1913, § 8001; Kommerstad v. Great Northern Ry. Co. 125 Minn. 297, 146 N. W. 975; Heide v. Lyons, 128 Minn. 488, 151 N. W. 139. This statute is general in its terms and it must apply to all orders granting new trials, whether made upon motion of parties or of the court. The order in this case did not state that it was based exclusively or at all upon errors occurring at the trial, and the court filed no memorandum. The order is accordingly not appealable.

Appeal dismissed.