## EMIHLIJE LIKUM v. DUDLEY V. PORTER.[1]

### December 3, 1915.

### Nos. 19,503—(145).

**Evidence — request to charge jury.**

1. Evidence *held* to support the verdict, and that the failure of the court to give instructions upon a particular phase of the case was not error since there were no requests for such instructions.

**Case limited.**

2. The rule applied in Robertson v. Burton, 88 Minn. 151, is not to be extended.

Action in the district court for Olmsted county to recover $5,000 for injury sustained from an assault and battery by defendant. The case was tried before Granger, J., and a jury which returned a verdict for $450. From an order denying his motion for a new trial, defendant appealed. Affirmed.

[1]Reported in 154 N. W. 1070.

*Halloran & Manahan,* for appellant.
*Eckholdt & Eckholdt,* for respondent.

Brown, C. J.

Action for damages sustained by plaintiff in consequence of an alleged assault and battery committed upon her by defendant. Plaintiff had a verdict, and defendant appealed from an order denying a new trial.

The only questions presented are: (1) Whether the evidence supports the verdict; and (2) whether the trial court erred in failing to instruct the jury upon, and specifically submit to them, the question whether a particular injury of which plaintiff complained was the proximate result of the assault.

We dispose of both contentions without extended discussion. The evidence supports the verdict, and there was no error in the failure of the court to instruct the jury more particularly upon the question whether the particular injury complained of was the result of the assault. The court charged the jury generally that plaintiff was entitled to recover for all injuries and pains suffered by her, and if defendant desired further or more specific directions a request therefor should have been made. None were made, and no exceptions were taken at the conclusion of the charge. In this situation there was no error. Ellington v. Great Northern Ry. Co. 92 Minn. 470, 100 N. W. 218; Bailey v. Grand Forks Lumber Co. 107 Minn. 192, 119 N. W. 786. The court has declined to extend the rule applied in Robertson v. Burton, 88 Minn. 151, 92 N. W. 538 (Beardmore v. Barton, 108 Minn. 28, 121 N. W. 228), even in criminal prosecutions. State v. Sailor, 130 Minn. 84, 153 N. W. 271. Since, therefore, no requests for additional instructions were made there was no reversible error.

Order affirmed.