FREDERICK G. BARWALD AS ADMINISTRATOR OF THE ESTATE OF ARTHUR BARWALD, DECEASED v. WILLIAM THUET.[1]

May 6, 1921.

No. 22,284.

**When appeal cannot be taken — order granting new trial.**

An order granting a new trial which fails to state expressly that it is granted exclusively upon errors occurring at the trial, is not appealable. Laws 1913, p. 699, c. 474, amending R. L. 1905, § 4365, subd. 4. [Reporter.]

Action in the district court for Dodge county for an accounting and to recover $154.50. The case was tried before Childress, J., who made findings and ordered judgment in favor of plaintiff for $463.35. From an order granting plaintiff's motion for a new trial, defendant appealed. Appeal dismissed.

*John J. Keefe*, for appellant.
*John Swendiman, Jr.* and *J. J. McCaughey*, for respondent.

PER CURIAM:

This is an appeal from an order granting plaintiff's motion for a new trial.

By chapter 474, p. 699, Laws 1913, subd. 4, section 4365, R. L. 1905, was amended by the addition of these words:

"Provided that when an order granting a new trial is based exclusively upon errors occurring at the trial and it is so expressly stated in the order or memorandum of the trial court, an appeal therefrom may be taken, but in such case only."

In the case at bar there was a trial by the court without a jury. The plaintiff moved for amended findings, and, if denied, for a new trial on two grounds, newly discovered evidence and insufficiency of the evidence to jus-

[1]Reported in 182 N. W. 719.

tify the court's decision. The motion to amend was denied, but a new trial granted. The court said in a memorandum that "the demands of justice require a new trial of this case," also that testimony of the defendant relating to conversations with plaintiff's intestate had been called out by cross-examination, notwithstanding his incompetency as a witness to give such testimony. The memorandum nowhere states that the order was based exclusively upon error in receiving this evidence or for errors occurring at the trial. It follows that the order is not appealable and that the appeal must be dismissed. Kommerstad v. Great Northern Ry. Co. 125 Minn. 297, 146 N. W. 975; Heide v. Lyons, 128 Minn. 488, 151 N. W. 139; Montee v. Great Northern Ry. Co. 129 Minn. 526, 151 N. W. 1101; Greenberg v. National Council of K. & L. of S. 132 Minn. 84, 155 N. W. 1053; Pust v. Holtz, 134 Minn. 266, 159 N. W. 564; Schommer v. Eischens, 148 Minn. 486, 182 N. W. 166.

Appeal dismissed.