E. B. MURPHY v. W. S. COLLINS AND CORNELIUS H. SCHU-MACHER, APPELLANTS.[1]

April 27, 1923.

No. 23,340.

Verdict for brokers sustained.

1. In an action to recover a commission for services rendered in procuring a purchaser for certain real property listed by defendants with plaintiffs for sale, the evidence is *held* to support the verdict.

Exception to charge too general for assignment of error.

2. An exception embodied in a motion for a new trial to the effect that the court erred "in charging the jury as follows," then setting out six separate paragraphs of the charge embracing as many distinct items of law and fact, is entirely too general and presents no basis for the claim of error.

Exceptions cannot be amended on appeal.

3. Exceptions to be available on review in the supreme court must be made full and complete in the trial court and cannot be enlarged on appeal.

Action in the municipal court of Minneapolis to recover $450 commission for securing a purchaser of real estate. The case was tried before Reed, J., who at the close of the testimony denied motions by both parties for directed verdicts, and a jury which returned a verdict for the amount demanded. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

[1]Reported in 193 N. W. 468.

*Fowler, Carlson, Furber & Johnson,* for appellants.

*L. A. Hubachek* and *A. X. Schall, Jr.,* for respondents.

BROWN, C. J.

Action to recover a commission alleged to have been earned by plaintiffs in procuring a purchaser for real property held for sale by defendants. Plaintiffs had a verdict and defendants appealed from an order denying their motion for judgment or a new trial.

It appears without dispute that plaintiffs were authorized by defendants to procure a purchaser of the property under an agreement for compensation should they succeed. The evidence justified the jury in finding that subsequent to the agreement plaintiffs advertised the property for sale. The advertisement reached a prospective purchaser who applied to them for terms and location of property. Plaintiffs at once advised defendants of the fact, giving the name of the person who so inquired in response to the advertisement. The property was subsequently sold by defendants to that party, and the transaction of sale fully completed. It also appears that defendants had authorized another real estate broker to procure a purchaser of the property; the authority running concurrently with that given to plaintiffs. The other agent had some negotiations with the prospective purchaser discovered by plaintiff with reference to a sale and we assume that he also made claim to a commission. On the theory that they were the procuring cause of the sale plaintiffs, compensation being refused them by defendants, brought this action to recover the same.

1. The principal contention in support of the appeal is that there was prejudicial error in the instructions of the court to the jury. To this we have given careful attention, with the result that no reversible error is found. The court clearly told the jury that plaintiffs could not recover, unless they established by a preponderance of the evidence that they were the procuring cause of the sale of the property, and that if they failed on that issue a verdict should be returned for defendants. There may have been some verbal errors in the charge, but no exceptions were taken at the trial, and they

are not now available. Steinbauer v. Strong, 85 Minn. 274, 88 N. W. 754.

The exception noted in the motion for a new trial does not conform to the rules controlling the practice and presents no basis for a reversal. The exception as stated in the motion that the "court erred in charging the jury as follows," then follow six distinct paragraphs of the charge, embracing as many separate items of law and fact, is entirely too general. Rheiner v. Stillwater St. Ry. & T. Co. 31 Minn. 193, 17 N. W. 279; 2 Notes on Minn. Reports 487; Main v. Oein, 47 Minn. 89, 49 N. W. 523. Such a general exception may not be divided into distinct and separate points of alleged error by the assignments of error in this court. The exceptions must be full and complete as taken and noted in the trial court and cannot be enlarged on appeal. American Engine Co. v. Crowley, 105 Minn. 233, 117 N. W. 428. There was no error in the failure of the court to instruct the jury in reference to possible claims of the other real estate broker. No request therefor was made. Robertson v. Burton, 88 Minn. 151, 92 N. W. 538, cited in support of the point, as limited in Ellington v. Great Northern Ry. Co. 92 Minn. 470, 100 N. W. 218, is inapplicable. Bailey v. Grand Forks Lumber Co. 107 Minn. 192, 119 N. W. 786. It is not at all difficult for the owner of real property to expose himself to liability to two or more real estate brokers with whom he lists it for sale. Alton & Peters v. Merritt, 145 Minn. 426, 177 N. W. 770; Alton v. Merritt, 150 Minn. 119, 184 N. W. 610. And, when they earn a commission by services rendered within the agency, the owner is liable therefor.

2. The contention that the verdict finding that plaintiffs were the procuring cause of the sale is not supported by the evidence is not sustained. Our examination leads to the conclusion that the evidence made the question one of fact. The trial court having approved the verdict, there the matter must end.

Order affirmed.