## OLD COLONY LIFE INSURANCE COMPANY v. AMERICAN SAVINGS & TRUST COMPANY.[1]

January 8, 1926.

No. 24,754.

**Verdict sustained that receiving bank was not negligent in collection of check.**

1. Action to recover the amount of a check drawn by plaintiff on one bank and deposited in another, which credited it to plaintiff's account, but charged it back to plaintiff on finding the drawee insolvent and unable to pay. Plaintiff claimed that the payee was negligent in failing to collect. Defendant claimed that the drawee was not able to pay at any time after the check reached the payee. *Held* that the verdict for defendant is sustained by the evidence.

**No reversal for failure to charge when instruction not requested.**

2. Failure to charge that defendant had the burden of proof on an affirmative defense is not ground for reversal where there was no request to so charge.

[1]Reported in 206 N. W. 725.

**If requested instruction is misplaced in charge, attention of court should be called to fact.**

3. If a party fears that an instruction given at his request was so placed in the charge that it might be misapplied by the jury, he should call attention to it at the time.

**When deposited check may be charged back to depositor, if not paid by payee.**

4. Where a depositor draws a check upon one bank and deposits it in another which credits it to his account, it may be charged back to him if not paid, unless a loss resulted from negligence on the part of the payee or holder.

**Rulings on evidence.**

5. There were no reversible errors in the rulings upon the admission of evidence.

Appeal and Error, 3 C. J. pp. 843 n. 67; 850 n. 24; 856 n. 41.
Banks and Banking, 7 C. J. pp. 622 n. 42; 623 n. 47, 48; 635 n. 29.
Bills and Notes, 8 C. J. p. 62 n. 73.
Evidence, 22 C. J. p. 1012 n. 49.

See 14 R. C. L. 795; 3 R. C. L. Supp. 287; 4 R. C. L. Supp. 920; 5 R. C. L. Supp. 778.

Action in the district court for Morrison county to recover upon a check. The case was tried before Parsons, J., and a jury which returned a verdict in favor of defendant. Plaintiff appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*James A. Peterson, William McKinley* and *Paul E. Price,* for appellant.

*C. Rosenmeier,* for respondent.

TAYLOR, C.

Plaintiff, an Illinois corporation with its main office in the city of Chicago, had $4,776.27 to its credit in a checking account in the Pierz State Bank, located at Pierz in Morrison county in this state. The complaint alleges that on January 8, 1924, plaintiff drew its check on the Pierz State Bank for $2,555.49 payable to the Mer-

chants State Bank of Little Falls, Minnesota, and mailed it to the Merchants State Bank with a request to collect it and credit the proceeds thereof to plaintiff upon a checking account which plaintiff desired to open in the latter bank; that on January 10, 1924, the Merchants State Bank, by letter, acknowledged receipt of the check and stated that it had been credited to plaintiff's account; that the Merchants State Bank negligently failed to present or collect the check and on January 16, 1924, returned it to plaintiff and charged plaintiff's account with the amount thereof; that the Pierz State Bank went into the hands of a receiver on January 27, 1924, and is insolvent and unable to pay any of its indebtedness; that by reason of the negligence of the Merchants State Bank in failing to present the check in due course of business, plaintiff has been damaged in the sum of $2,555.49, and that defendant has taken over all the assets of the Merchants State Bank and has assumed and agreed to pay all its liabilities. Judgment is demanded against defendant for the amount of the check. The trial resulted in a verdict for defendant, and plaintiff appeals from an order denying its alternative motion for judgment non obstante or for a new trial.

The court instructed the jury that defendant had assumed the liabilities of the Merchants State Bank and would be liable for the amount of plaintiff's claim if the Merchants State Bank became liable therefor, and that the question for them to determine was whether "the Merchant's State Bank became liable to plaintiff by reason of negligence."

The Merchants Bank mailed the check directly to the Pierz bank on the day it was received, January 10, 1924, but it did not reach that bank until January 15, 1924. Little Falls and Pierz are both in Morrison county and only a few miles apart, but one is on the Northern Pacific Railway and the other on the Soo. Mail between them is carried over a long roundabout route through Minneapolis and is frequently delayed. There was another bank at Pierz, and plaintiff claimed that the Merchants Bank was negligent in sending the check directly to the Pierz bank and also in not adopting a more expeditious method of presenting it. The court charged the

jury that the Merchants bank was negligent as a matter of law in sending the check directly to the bank on which it was drawn, and submitted to the jury the question of its negligence in other respects.

Defendant predicated its defense on the claim that the Pierz bank was not able to pay the check on January 10, the day on which it was received by the Merchants bank, nor at any time thereafter, and the negligence of the Merchants bank had not resulted in any loss to plaintiff for that reason.

1. Plaintiff's first assignment of error is that the court erred in failing to charge that the burden of proving this defense was on the defendant. The court stated to the jury:

"The position of the defendant is that no matter what steps might have been taken by the Merchants State Bank this check would not have been paid. The jury has heard all the evidence upon this point, the condition of the bank, its assets, the business it was doing at the time in question, all facts which bear in any way upon the point, and I will leave it to the jury to say and decide as a fact whether this check would have been paid no matter when or by whom presented for payment. When I speak of time of course I refer to that short interval represented by January 10 to January 15th. If this check would not have been paid, no matter by whom or when presented, during this period, then it follows that plaintiff did not sustain a loss and could not in any event—if that was the fact—be entitled to a verdict."

The court was not asked to charge that the burden of proving this defense rested upon defendant. Failure to charge on a particular point or as to the burden of proof on a particular issue, where there is no request for a charge covering the point, is not ground for reversal. Applebee v. Perry, 87 Minn. 242, 91 N. W. 893; Bailey v. Grand Forks Lbr. Co. 107 Minn. 192, 196, 119 N. W. 786; Farris v. Koplau, 113 Minn. 397, 129 N. W. 770; Gasser v. Wall, 115 Minn. 59, 131 N. W. 850; Sassen v. Haegle, 125 Minn. 441, 147 N. W. 445; Moe v. Paulson, 128 Minn. 277, 282, 150 N. W. 914; Likum v. Porter,

131 Minn. 274, 154 N. W. 1070; Murphy v. Collins, 155 Minn. 290, 193 N. W. 468.

2. Plaintiff presented a request to the effect that plaintiff was required to prove its case by a preponderance of the evidence and explaining and elucidating what was meant thereby. The court gave this request introducing it by the statement that the burden of proof rested on plaintiff. The correctness of this charge is not and could not be questioned by plaintiff; but it was given immediately following the statement above quoted, and plaintiff now urges that the jury would understand that the burden of proof on the question of the ability of the Pierz bank to pay rested on plaintiff. If plaintiff feared that this instruction, given at its own request, might mislead the jury because it directly followed the above statement, plaintiff should have called attention to it at the time, and the objection now made comes too late.

3. Plaintiff insists that the Merchants bank, having taken the check and credited it to plaintiff's account, became the owner of it and must bear the loss resulting from its nonpayment.

Where a depositor draws a check upon one bank and deposits it in another which credits it to his account, the credit is deemed provisional only, and if the check is not paid it may be charged back to his account. Being the maker of the check, he remains liable upon it if not paid, unless the failure to collect from the drawee was due to some fault or neglect on the part of the payee or holder which resulted in loss to him. In that event he may be relieved to the extent of such loss. Spink & K. Drug Co. v. Ryan Drug Co. 72 Minn. 178, 75 N. W. 18, 71 Am. St. 477; Baxter v. Brandenburg, 137 Minn. 259, 163 N. W. 516; G. S. 1923, §§ 7104, 7228 (N. I. L. §§ 61, 185); 8 C. J. 62; 5 R. C. L. 544.

4. Defendant made no serious claim that the Merchants bank had not been negligent, but placed its defense on the ground that the Pierz bank could not have paid the check on the day that the Merchants bank received it nor at any time thereafter. Defendant assumed the burden of proving this defense, and presented evidence consisting of the books and records of the Pierz bank and the testi-

mony of its officers which showed its condition and its transactions during the period in question and for a considerable time theretofore. Among other things, it appeared that the aggregate amount of the available funds of the bank, including the money in its own vault and the amounts to its credit in other banks, was considerably less than the amount of the check on January 10, 1924, and at all times thereafter. We shall not attempt to rehearse the evidence, but have examined it carefully and find it sufficient to justify the verdict.

5. The contract by which defendant took over the assets of the Merchants bank and assumed its liabilities was in writing, and plaintiff complains because the court admitted testimony showing the condition of the Merchants bank and the reasons for making this agreement. The vice-president of the Merchants bank and one of its active officers was president of the Pierz bank. The Pierz bank carried an account in only two banks—a Minneapolis bank in which it had less than $100, and the Merchants bank in which it had its principal account and upon which it drew drafts. Whether, if the check had been properly and seasonably presented, the Pierz bank would have paid it by obtaining credit for a considerable part of it from the Merchants bank was one of the questions considered at the trial. The evidence objected to, shows that the latter bank was also in financial difficulties and about to be closed by the state banking department when, on January 29, 1924, it made this agreement to save its depositors from loss. We think this evidence was admissible as tending to show that the Merchants bank was not in position to advance money to the Pierz bank.

Some other questions are raised, but none which would justify a reversal or which require special mention.

Order affirmed.