MASTER POULTRY BREEDERS, INC. AND OTHERS v.
IOWA HARDWARE MUTUAL INSURANCE
COMPANY AND OTHERS.
ELEANOR A. JEFFREY AND ANOTHER v. NIAGARA
FIRE INSURANCE COMPANY OF NEW YORK.[1]

March 23, 1945.

No. 33,967.

[1]Reported in 18 N. W. (2d) 39.

*Herbert H. Hoar* and *Philip L. Scherer,* for appellants.

*Dorsey, Colman, Barker, Scott & Barber, Charles F. Noonan, G. P. Mahoney,* and *S. P. Gislason,* for respondents.

LORING, CHIEF JUSTICE.

These cases come before us on a motion to dismiss the appeal as to all of them on the ground that the order appealed from is a nonappealable order. The cases were apparently consolidated for trial in the court below, and, after verdicts for the plaintiffs, the defendants moved for a new trial on the ground of misconduct of the prevailing parties and the insufficiency of the evidence to sustain the verdicts. The trial court refused a new trial on the ground of insufficiency of the evidence but granted a new trial on the ground of misconduct of the prevailing parties.

■ An order granting a new trial on the ground of misconduct is not appealable. An order granting a new trial is only appealable when granted exclusively on the ground of errors of law *occurring at the trial.* Spicer v. Stebbins, 184 Minn. 77, 237 N. W. 844; Heide v. Lyons, 128 Minn. 488, 151 N. W. 139.

The appellants here claim that the conduct upon which the trial court granted the new trial is, as a matter of law, not misconduct prejudicial to the defendants and that, therefore, it amounts to an error of law. We are not in accord with plaintiffs' contention that the order would then be based on an "error of law" occurring at the trial within the scope of Minn. St. 1941, § 605.09(4), (Mason St. 1940 Supp. § 9498). If it was an error, it occurred in the decision on the motion for new trial. It did not occur at the trial.

■ The printed transcript is apparently not properly before the court but, if it we're, there was sufficient evidence of misconduct of the parties (not of their counsel) before the trial court to call for the exercise of that court's discretion, and therefore, even if plaintiffs were right in their contention that they are endeavoring to

review an error of law, the order granting the new trial is not appealable. The effect of the statute is to "abolish all appeals from orders granting new trials upon discretionary grounds." Heide v. Lyons, 128 Minn. 488, 490, 151 N. W. 139, 140. Nothing would be gained by a detailed discussion of the evidence of misconduct; therefore, we do not extend the opinion by comment upon it. We have carefully examined the printed transcript in that respect.

The motion to dismiss the appeal is granted.

